691 P.2d 1082

**Barbara E. DAVIS, Petitioner/Appellant,**

**v.**

**William M. DAVIS, Respondent/Appellee.**

**No. 17579-PR.**

Supreme Court of Arizona, En Banc.

Nov. 27, 1984.

Reconsideration Denied Jan. 8, 1985.

Wolfe & Ostapuk by David K. Wolfe, David R. Ostapuk, Tucson, for petitioner/appellant.

Stompoly & Even by James L. Stroud, Tucson, for respondent/appellee.

HAYS, Justice.

Barbara Davis, appellant, filed a petition for dissolution of her marriage to appellee, William Davis. She also sought custody of their three children, child support, and alimony. Before trial, appellee moved for partial summary judgment. He argued that certain stock acquired during marriage was his sole and separate property. Appellant maintained that the stock was community property. Judgment was granted for appellee. Appellant appealed from this decision, alleging that the trial court did not have jurisdiction in a dissolution action to enter partial summary judgment disposing of some separate property without first determining all other property, child custody and support issues. Her notice of appeal from the partial summary judgment was filed four calendar days late. She moved under Ariz.R.Civ.P. 60(c)(6) [1] to vacate and reenter judgment to restart the time period for appeal. As grounds for this motion, she alleged that extraordinary circumstances delayed the filing of her notice of appeal. The trial court denied this motion, found that it had jurisdiction to enter the partial summary judgment, and dismissed the appeal. Appellant appealed from the trial court's refusal to vacate judgment and from the partial summary judgment. The court of appeals affirmed the trial court's decision in *Davis v. Davis*, 143 Ariz. 74, 691 P.2d 1102 (1982). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), Ariz.R.Civ.App.P., rule 23, and A.R.S. § 12–120.24. We granted this petition for review to address one question:

> Did the trial court abuse its discretion by refusing to vacate judgment under rule 60(c)(6) to allow appeal?

The Court of Appeals opinion is approved in part and vacated in part. We agree that the trial court has jurisdiction in a dissolution action to enter partial summary judgment. We disagree with the trial court's refusal to set aside judgment to permit appeal.

The facts follow. On February 7, 1983, the trial court granted partial summary judgment, holding that certain stock received by appellee from his parents was his separate property. On February 8, 1983, the trial court was presented with a proposed form of judgment, which the court declined to sign. A second proposed form of judgment was filed with the court on February 11, 1983. A copy of this document was received by appellant's attorney on February 14, 1983. The trial court signed the judgment on February 22, 1983. The clerk of the court did not send either attorney notice of entry of judgment as required by rule 77(g). Two days later, on February 24, 1983, a secretary for appellant's attorney inquired at the court clerk's office and the court administrator's office to determine if judgment had been signed. The case file could not be located. On March 17, 1983, appellee's attorney sent a runner to the court to inquire about the

1. 16 A.R.S. Rules of Civil Procedure, will hereinafter be referred to as "rule" followed by the number.

judgment. The runner reported that judgment had been signed on February 22, 1983. Counsel for appellee decided not to inform his opponent that the judgment had been signed and that the time for appeal would run soon. A week later, Thursday, March 24, 1983, was the last day to appeal the partial summary judgment. On this day, appellant's counsel sent his secretary to the courthouse to again determine whether the judgment had been signed. Neither the judge's secretary nor the clerk's office could locate the file. Appellant's counsel's secretary was told at the clerk's office to inquire at the court administrator's office. At the court administrator's office she was informed that Caroline, the only clerk with information about the file, had left for the day and would return on Monday. She was told to return at that time to ask Caroline about the file.

At 10 a.m. on Monday, March 28, 1983, she was informed by Caroline that the file had been pulled for calendar review the week before. She found the file in the chambers of the judge assigned to calendar review and learned for the first time that the time for appeal had expired. That same day, appellant moved for relief from judgment pursuant to rule 60(c)(6). Appellant also moved for reconsideration of the judgment pursuant to rules 52(b) and 59(a), alleging that the judgment had been signed prematurely in violation of rule 58(d). The trial court ruled that the motion for reconsideration of judgment was untimely, although acknowledging that the judgment had been signed one day early. The trial court concluded that appellant had not been prejudiced by the premature entry of judgment because her objections were not filed until a month later, long after the 15–day time limit required by rules 52(b) and 59(a). The court also denied the motion to vacate judgment, without stating its reasons for doing so. The court of appeals affirmed the trial court's denial of both motions. As to the motion to vacate judgment, the court of appeals found no extraordinary circumstances entitling appellant to relief under *Park v. Strick,* 137 Ariz. 100, 669 P.2d 78 (1983). They reasoned that although appellant had not received notice of entry of judgment, she did receive a copy of the proposed form of judgment. The court of appeals concluded that at the very least the trial court did not abuse its discretion in denying the motion. We disagree.

■ Rule 60(c)(6) states in relevant part that a court may grant relief from a final judgment or order if the moving party shows "... any other reason justifying relief from the operation of judgment." In order to obtain relief under 60(c)(6), the movant must show 1) extraordinary circumstances of hardship or injustice justifying relief and 2) a reason for setting aside the judgment other than one of the reasons set forth in the preceding five clauses of rule 60(c). *Bickerstaff v. Denny's Restaurant, Inc.,* 141 Ariz. 629, 632, 688 P.2d 637, 640 (1984); *Webb v. Erickson,* 134 Ariz. 182, 655 P.2d 6 (1982). In *Park v. Strick, supra,* 137 Ariz. at 105, 669 P.2d at 83, we concluded that the determination as to whether there were extraordinary or unique circumstances justifying relief would ordinarily be left to the sound discretion of the trial judge, reversible only for abuse of that discretion. In the present case, the trial judge cited no reasons in denying relief from judgment. Because uncontroverted facts in the record reveal circumstances that we believe warrant relief under *Park,* we reverse.

In this case, there are a number of factors which, in combination, create a unique situation justifying relief from judgment. *Webb v. Erickson, supra,* 134 Ariz. at 189, 655 P.2d at 13; *Union Oil Co. of California v. Hudson Oil Co.,* 131 Ariz. 285, 287–88, 640 P.2d 847, 849–50 (1982).

■ The inability of appellant to locate the case file at the courthouse was certainly not her fault. The unavailability of a court file, despite repeated inquiries about it, because it is misfiled in the clerk's office, may constitute unique circumstances warranting relief from judgment. *Cf. Rodgers v. Watt,* 722 F.2d 456 (9th Cir. 1983). (The last docket entry indicated the

matter was still under advisement; the docket entry indicating the judgment had been signed was entered in the wrong place.)

■ In awarding relief, the court may also properly consider the proximity of appellant's compliance with the time limits for appeal and the reasonableness of her conduct in failing to do so. Premature entry of judgment in this case was a procedural irregularity that appellant did not cause. The appeal period should have extended to Friday, March 25, 1983. The notice of appeal was filed on the very next working day, Monday, March 28, 1983. Even if we do not adjust the appeal time to allow for the court's error, there would have been no point for appellant to make further inquiries at the courthouse on Friday, after having exhausted the normal lines of inquiry on the day before. She acted reasonably in relying upon the advice of court personnel to return the following Monday.

■ Appellant acted diligently in seeking relief after discovering that the time for appeal had expired. She filed a notice of appeal the very same day. The following day she filed a motion to vacate judgment and a motion to correct judgment, with a ten-page memorandum in support of both motions.

Appellee can show no demonstrable prejudice owing to the delayed appeal. Almost immediately after the court ruled in appellee's favor, he was informed that there would be an appeal. There is no allegation of a diminished ability to gather and present his evidence or otherwise protect himself due to his reliance on what he believed was a final judgment. *See* Annot., *Construction and Application of Rule 60(b)(6) of Federal Rules of Civil Procedure Authorizing Relief from Final Judgment or Order for "any other reason."* 15 A.L.R. Fed. 193, 203ff. (1973). There was very little time for appellee to act in reliance upon the entry of judgment because he was not aware of the date of judgment until a week before the time for appeal expired. At most, one working day intervened between the expiration of the time for appeal and the filing of the late notice of appeal.

Finally, we consider appellant's diligence in maintaining contact with the clerk's office and in monitoring the entry of judgment. In *Park v. Strick, supra,* we looked to federal cases [2] as persuasive authority in determining whether there were unique circumstances warranting relief from judgment. To provide guidance to the lower courts in finding extraordinary circumstances, we cited an example of such circumstances occurring in a federal case, *Buckeye Cellulose Corp. v. Braggs Construction Co.,* 569 F.2d 1036 (8th Cir.1978):

> In *Buckeye Cellulose, supra,* none of the parties knew that judgment had been entered so none could be said to have relied on the notice of entry of judgment, plaintiff's counsel made three inquiries of the clerk's office to determine the status of the case, and counsel acted diligently after learning of the entry of judgment. Under these circumstances, the court of appeals held that the trial court had authority to vacate the judgment .... in order to permit the filing of a notice of appeal. (citations omitted).

137 Ariz. at 104, 669 P.2d at 82; *see also id.* at 103–04, 609 P.2d at 81–82, and the cases cited therein; *Rodgers v. Watt, supra;* Calkins, *The Emerging Due Diligence Standard for Filing Delayed Notice of Appeal in Federal Courts,* 19 Williamette L.Rev. 609, 618 (1983) (lack of notice of entry of judgment, in combination with diligence in attempting to learn the date of entry of judgment, lack of prejudice to the

2. As we noted in *Park v. Strick, supra,* 137 Ariz. at 103 n. 7, 669 P.2d at 81 n. 7, for purposes of the issue presented in this case, Fed.R.Civ.P. 60(b)(6) is identical to Ariz.R.Civ.P. 60(c)(6). Similarly, Fed.R.Civ.P. 77(d), requiring the clerk to send notice of entry of judgment to the parties, is for these purposes identical with Ariz.R. Civ.P. 77(b). These similarities with our own rules of civil procedure is an important reason we found federal cases to have persuasive authority in this area of the law.

other party, and diligence in seeking relief justifies relief from judgment).

We believe that the instant case is sufficiently similar to the above-quoted example to warrant relief from judgment. Appellee contends that appellant was not diligent in checking entry of judgment because only two of her three inquiries at the courthouse occurred before appeal time expired. During these two trips to the courthouse, however, she inquired twice at the clerk's office, twice at the court administrator's office, and once at the judge's chambers. These inquiries were made after judgment was entered and recorded. The 28 days separating appellant's first and second inquiries is evidence that might tend to rebut a finding of diligence. We note, however, that appellant made three inquiries within a little more than a month after judgment. During this time, she visited four different offices a total of seven times in searching for the file. Such persistence indicates due diligence. If the circumstances in this case are not unusual, this only shows that the court system in Pima County needs an overhaul.

We do not believe that appellant's failure to ask her opponent about the status of the judgment establishes a lack of diligence. She did not know whether appellee had the information sought. In fact, her opponent did not have this information until the very last week for appeal. She had no reason to believe that her opponent had better access to court records than she did. Nor did she know whether appellee would answer her inquiry about the status of the judgment. She was, at any rate, entitled to believe she could obtain the information from the court system and not be forced to rely upon the untested good will of her opponent.

Nor do we believe that appellant's receipt of a proposed form of judgment on February 14, 1983, requires a finding of inexcusable neglect. She could only file an appeal once judgment had been entered. *See Thomas v. Western Savings & Loan Assn.*, 6 Ariz.App. 511, 433 P.2d 1003 (1967) (notice of appeal filed three days before signing and formal entry of judgment cannot serve to appeal later judgment); *cf.* Ariz.R.Civ.App.P., rule 8(c). Before this time, there was no final judgment to appeal. Knowledge of the pendency of judgment and notice of entry of judgment cannot, therefore, be equated. The trial court could have taken under advisement for 60 days the question whether to grant summary judgment. *See* rule 77(i). The matter taken under advisement, a question of ownership of a controlling share of stock in a multimillion dollar corporation, involved a fair degree of complexity and importance. In the absence of evidence of circumstances that would alert appellant that the time for appeal had started running, we find no lack of diligence.

The cases cited by appellee to show that appellant has not acted diligently in finding out whether judgment has been signed are all readily distinguishable by the much longer delays involved. *DeGryse v. DeGryse,* 135 Ariz. 335, 661 P.2d 185 (1983) (motion to vacate filed 4½ months after entry of judgment when required time is 30 days); *Matter of Appeal in Pima County Juvenile Action,* 135 Ariz. 278, 660 P.2d 1205 (1982) (notice of appeal filed 46 days after judgment, when required time is 15 days); *Kiefer v. May,* 22 Ariz.App. 567, 529 P.2d 721 (1974) (filed supersedeas bond 147 days after entry of order appealed from when required time is 60 days); *Thomas v. Western Savings & Loan Assn., supra,* (motion to vacate filed roughly 4 ½ months after entry of judgment when required time is 30 days).

In sum, we reaffirm our conclusions in *Park v. Strick, supra,* 137 Ariz. at 105, 669 P.2d at 83. We provide no hard-and-fast rules to determine when there are extraordinary circumstances justifying relief from judgment under rule 60(c)(6). Normally, we leave such questions to the sound discretion of the trial judge, so long as this discretion is not exercised in clear violation of the principles announced in *Park.*

Reversed and remanded for further proceedings.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.