OPINION AND ORDER [1]
This appeal concerns the ability of a criminal defendant to waive his right to counsel and the procedural requirements of such a waiver. The common law of the Hopi Tribe is applied to the appellant’s waiver of counsel at a criminal arraignment, and the waiver found to be lacking.

FACTUAL AND PROCEDURAL BACKGROUND

On November 28, 1988, the appellant was arraigned on two counts of assault and battery.[2] At the arraignment, the appellant signed the standard waiver of counsel (without marking the question relating to a desire for legal counsel), pled guilty to the charges and was sentenced to 180 days incarceration for one count and 90 days for the other. Judgment Order 1558/88-1559/88, dated November 28, 1988.

ISSUE PRESENTED ON APPEAL

The issue presented in this appeal is whether there was an effective waiver of counsel at the November 28, 1988 arraignment.

*267
DISCUSSION

When deciding matters of law, Hopi Courts must consult authorities in proper precedential order. The suggested order of authority for the Hopi Tribe is: (1) the Hopi Constitution and By-laws; (2) Ordinances of the Hopi Tribal Council; (3) Resolutions of the Hopi Tribal Council; (4) the customs, traditions and culture of the Hopi Tribe; (5) federal law; (6) Arizona law; (7) the common law. Hopi Resolution H-12-76; See Hopi Tribe v. Mahkewa, et. al., Nos. 1289/90, 0326/91, (AP-002092); 21848 (AP-008-93); 22179 (AP-003-93).
The appellate standard of review of a trial court’s determination of the effec-Itiveness of a waiver of counsel is not addressed by the Hopi code; nor do any I resolutions of the Hopi Tribal Council or ordinances of the Hopi Tribe provide a standard of review for this question. However, this court has recently addressed the issue of the effectiveness of a waiver of counsel in The Hopi Tribe v. Consolidated Cases of Ami, Gishey, & Pa-vatea (Nos. AP-003-89/004-89/003-88), and that case controls our decision on the issue. Specifically, the procedures to be undertaken by the trial court in order to determine if a defendant makes a knowing waiver of counsel have been recently addressed by this court in Ami, and we apply the law as decided in that case.
The appellant claims that he did not make a knowing waiver of counsel at the November 28, 1988 hearing. The record indicates that the appellant was given a Legal Rights form at the time of his arraignment and plea. However, in Ami it was held that the waiver of counsel form in use at the time of the Ami, Gishey and Pavatea trials was flawed, and that barring evidence in a transcript of the proceeding that the judge adequately informed them of their rights regarding counsel, their convictions be reversed. This same form was in use at the time that Appellant pled guilty to the charges in Cases 1558/88 and 1559/88.
In addition to the use of the flawed form, the Appellant in this case did not even mark the question of the waiver form that asked “Do you want legal counsel for this arraignment: Yes _ No _The finding that the appellant made a knowing waiver of counsel by signing the Legal Rights form cannot be upheld under Ami.
 The use of the defective form, or the defective filling out of the form, does not end the analysis. As outlined in Ami, a defendant may still make a knowing waiver of counsel if the trial judge makes a proper inquiry (investigation) concerning the waiver and if the judge advises the defendant with respect to the waiver and its consequences. “[T]he trial judge must make a comprehensive investigation in order to insure that the defendant has made a knowing waiver.” Ami, p. 10.
While neither party has provided this court with a transcript of the November 28, 1988 arraignment, the Hopi Trial Court has provided an audio recording. The relevant portion of the arraignment has been transcribed and heard by this court.[3] It is *268 clear from the transcription that the arraignment procedures failed to meet the Ami standard. Ami requires that a judge make inquiries that not only assure the court of the voluntary nature of the waiver, but also the capacity of the defendant to make a knowing, voluntary waiver. Ami, p. 10.
The transcript demonstrates that the defendant did not make a knowing waiver of counsel, nor were any of the procedural safeguards required under Ami present. There was no knowing, voluntary waiver of counsel.

ORDER OF THE COURT

It is hereby ORDERED that the convictions in cases 1558/88 and 1559/88 are REVERSED and the cases REMANDED to the trials court’s discretion for proceedings consistent with this Opinion, including, but not limited to, a new arraignment if the prosecutor refiles the criminal complaints.

. The appellant in this case filed two appeals in December, 1988. This one, filed December 16, 1988, deals with his arraignment and sentencing stemming from alleged assaults occurring in November of 1988, The companion appeal (Case No. 2015/87), filed December 21, 1988, deals with sentencing and probation stemming from alleged assaults occurring in December 1987.

. The criminal complaint alleged that the appellant: "willfully and unlawfully used violence upon the person of Christina Kyasyousie by striking her about the face several times with a closed fist, causing her pain and injury;" and “willfully and unlawfully used force and violence upon the person of Doren Kya-syousie, age 5 years, by hitting and choking him, causing him fear and injury.” Criminal Complaints, 1158/88; 1559/88.

.
Judge: Adrian Poleahia
Defendant: Good morning your honor.
Judge: Do you understand your rights?
Defendant: Yes, your honor.
Judge: Do you want to hire a lawyer, or....
Defendant: uh...
Judge: [inaudible (4 seconds)].. . before we start, you've got two charges of assault and battery.
Defendant: Yes, your honor, um uh, I don’t know where to start from, um... maybe I, if I just take this on myself we can get it over with.
*268 Judge: So you give up your right to hire an attorney at this time?
Defendant: No, I just go on by myself, and um .... [inaudible (5 second) ]... reported, I.. I was really intoxicated... 1 didn’t know what was going to happen so, therefore, I don’t, I don’t know if I should hire an attorney or not so I'd rather.. .[inaudible (2 seconds) ]
Judge: If you want to challenge these charges, then you can enter a not guilty plea to them.
Defendant: uh huh
Judge: We can schedule a trial.
Defendant: Would I be let... [inaudible (2 seconds) ]
Judge: Well, that depends, these are serious charges.. .[inaudible (2 seconds)] [tape taped over for 2 seconds]
Defendant: ... that the main reason that I don’t um, you know face another trial because, therefore your honor, I'd be willing to just go on, um and [inaudible (3 seconds) ] refer also that I don’t mind staying in jail because of the incidents [inaudible word] because according to the intoxication .. .
[The judge then interrupts the appellant and the appellant then hears the charges and enters a guilty plea.]
Judge: [inaudible word] you have pled guilty to these charges, you are aware of your rights and anything you say can be used against you.
[The prosecutor goes over the facts in the complaint. The judge asks the defendant if he “has anything to say for himself.” Me responds with a mostly inaudible monologue about his family and alcohol problem. The judge then sentences the defendant as outlined in the orders.]