*291
OPINION AND ORDER

Glorianna Quanimptewa asks this court to overturn her conviction for aiding and abetting an assault and battery, based upon 1) being found guilty as a “principal” without being found guilty of the underlying offense; 2) the vagueness of the term “the Tribe” in the statutory definition of principal; and 3) insufficiency of evidence, Appellant filed her Appeal and Brief more than two months past the statutory filing deadline.

FACTUAL AND PROCEDURAL BACKGROUND

The Appellant was charged with “Assault and Battery—aiding and abetting another to commit, in violation of Hopi Ordinance 21, Section 3.3.04 and 3.3.64.” Specifically, the complaint alleges that Appellant “did willfully and unlawfully aid, abet, counsel, command, induce or procure Caroline Quanimptewa to commit an assault upon the person of Adrinne Masa-quaptewa by encouraging her to beat the victim with her hands and feet.”
At the conclusion of testimony, the Tribal Court found Appellant guilty of aiding and abetting Caroline Quanimptewa’s assault on Adrinne Masaquaptewa. It is evident from the transcript that there was some confusion on the trial judge’s part regarding whether the original complaint alleged two offenses against Appellant or one. The trial judge ultimately made clear, however, both orally and in his judgment order, that he found Appellant guilty of aiding and abetting the assault and battery, but not guilty of assault and battery as an independent offense. The following procedural occurrences took place on the same day as the trial, July 6,1993:
• Immediately following his announcement of the verdict, the trial judge asked counsel if they objected to immediate sentencing. Both counsel asserted audibly that they had no objection. The judge sentenced Appellant to 30 days in jail.
• Immediately following sentencing, counsel for Appellant moved to stay enforcement of the sentence pending appeal. The judge granted the motion.
• Immediately following the judge’s grant of the motion to stay enforcement of the sentence, the prosecutor requested that defendant post bond. The judge granted this motion as well.
• The judge entered the Judgment Order finding defendant guilty of aiding and abetting, an assault and battery and sentencing defendant to 30 days in jail. The Judgment Order was filed with the clerk that same day.
Nothing further occurred on this case for the next 73 days, until September 17, 1993. Beginning on that date, the following events took place:
• September 17, 1993: According to counsel for Appellant, counsel inquired at the office of the Tribal Court clerk about the judgment in this case on this date. The clerk handed counsel a copy of the judgment order, dated July 6, 1993.
• October 4, 1993: The prosecution filed a Motion to Impose Sentence for failure to file an appeal in a timely manner in violation of Rule 37(c) of the Hopi Indian Rules of Civil and Criminal Procedure. As of this date, October 4, 1993, Appellant had filed neither a Notice of Appeal with the trial court, nor an Appeal Brief with the Appellate Court
• October 5, 1993: Appellant filed an Appeal and Brief. In addition, Appellant opposed the Tribe’s motion to impose sentence, citing failure of the trial court clerk to serve the Judgment Order on the parties.
*292 • October 21, 1993: The prosecution filed a response to defendant’s opposition to the Tribe’s motion to impose sentence.
• January 19, 1994: The trial court denied the Tribe’s motion to impose sentence.

DECISION OF THE COURT

I, Appellant Failed to File Her Appeal In A Timely Manner, Therefore Appeal Is Unavailable To Her.

A. The Ilopi Indian Rules of Civil and Criminal Procedure Clearly State the Filing Deadlines for Appeals.
Appellant failed to file her appeal in accordance with the statutory deadlines imposed by the Hopi Indian Rules of Civil and Criminal Procedure [hereinafter, “HIRCCP”]. Rule 37(c) of the HIRCCP requires that an appellant file a Notice of Appeal with the trial court within 20 days of the entry of the order of judgment from which the party is appealing. HIRCCP Rule 37(e). In addition, the appealing party is required to file its brief with the Appellate Court within 30 days of the filing of the Notice of Appeal. HIRCCP Rule 37(i). Appellant filed no papers regarding her appeal with either this court or the tribal court until October 5, 1993, 91 days after the entry of the order of judgment in this case. Appeal and Brief October 5, 1993.
B. This Court Has Previously Noted That Failure Of A Court Clerk To Serve Counsel With The Judgment Order Will Not Save An Untimely Appeal.
Appellant argues in her papers opposing the prosecution’s motion to impose sentence that the trial court clerk failed to serve counsel with the Judgment Order, and therefore. Appellant’s failure to file a timely appeal should be excused. Affidavit of Counsel Explaining Why Appeals Not Perfected Within Twenty Days of July (5, 1993 in support of Defendants’ Response to Prosecution Motion to impose Sentence, October 8, 1993, p. 1 [hereinafter, “Affidavit”].[1] Appellant also argues that the reason defense counsel waited an admitted 73 days after the judgment to check with the clerk regarding the failure to serve was due to belief that the trial judge was going to serve some further explanation of his ruling upon him. Id.
This court held in Poleahla v. Hopi Tribe that late filing of an appeal makes appeal unavailable. Poleahla v. Hopi Tribe, 2015/87, AP-007-88, p. 3, 1 Am. Tribal Law 262, 263-64, 1997 WL 34678782 (March 28, 1997). In Poleahla, we dismissed the appeal based upon the fact that appellant, who was represented by counsel, filed his appeal two days late. Id. In the instant case, Appellant, who is also represented by counsel, filed her appeal more than two months late. Therefore, under Poleahla, Appellant is barred from pursuing her appeal.
Poleahla is directly on point in this case. In Poleahla, this court cited with approval Arizona easelaw which holds that “even excusable neglect affords no basis for relief from dismissal of an untimely appeal.” Id. at p. 6, 1 Am. Tribal Law at 265 (citing Matter of Appeal in Pima County Juvenile Action, 135 Arise. *293 278, 660 P.2d 1205 (1982)).[2] In fact, we noted that “[e]ven when a clerk of the court fails to give notice of entry of judgment, the time for filing a timely appeal is not affected.” Id. (emphasis added) (citing Pima).
We continue to find Pirna persuasive on this matter. In Pima, the Arizona Supreme Court made an extensive review of Arizona caselaw regarding the timeliness of appeals. Pima at 279-80, 660 P.2d at 1206-07. The Pirna court noted that it is the duty of counsel to ensure that matters subject to prescribed time limits are acted on in a timely fashion. Id. (citing Kiefer v. May, 22 Ariz.App. 567, 529 P.2d 721 (1974)). “To this end counsel has an obligation to check the court records to determine the exact date of the entry of a final order so he can preserve his client’s right to appeal.” Id. (citing Thomas v. Western Savings and Loan Ass’n, 6 Ariz.App. 511, 433 P.2d 1003 (1967)).
In Kiefer v. May, cited in Pirna, the Arizona court held that the appellant’s failure to file his appeal on time violated Arizona’s statutory requirements. 22 Ariz. App. 567, 529 P.2d 721 (1974). Appellant’s failure to timely perfect the appeal deprived the appellate court of jurisdiction over the matter. Id, at 723. The appellant claimed that his failure to file within the deadline should be excused because the delay for which appellant was being penalized had resulted from the trial court’s failure to calendar a requested hearing regarding a bond that the appellant was required to post in that case. Id. at 723. The Arizona Court of Appeals held, however, that it is the duty of the attorney of the party seeking relief to ensure that required matters are taken care of within prescribed time limits. Id. The court found that counsel could have taken alternate appropriate measures to protect his client’s rights, such as pursuing a timely date for the hearing in the trial court or filing the bond absent the hearing. Id. at 724.[3]
We find Appellant’s situation to be similar to that of the appellant in Kiefer. In the instant case, counsel blames his failure to pursue his client’s appeal on a clerical error by the trial court. Counsel, however, failed to even check: with the court until 73 days after final judgment was entered. Affidavit, p. 1. When he did finally check, the information he requested was made immediately available to him.[4] This information indicated clearly that the judgment order had been entered on July 6, 1993. Judgment Order; Affidavit, pp. 1-2. *294 Counsel was clearly aware by September 17, 1993, therefore, that his client’s time to appeal had expired. Yet he still failed to act until more than two weeks later, and only after the prosecution filed a motion to impose sentence.
Like the appellant’s counsel in Kiefer, Appellant’s counsel here had an easy alternative measure available to him to protect his client’s rights: he merely should have inquired at the clerk’s office within a reasonable period of time. It is not inordinate to expect counsel to follow up on his clients’ cases in a timely fashion. It is certainly a lighter burden than the counsel in Kiefer was expected to bear.
C. Hopi Law Clearly States That The Filing Deadline For Appeal Runs From Entry Of Final Judgment, Not From Service Of The Judgment Order.
We find unpersuasive counsel’s argument that he did not check with the trial court cleric because he was waiting to be served some further explanation of the law underlying the verdict.[5] Hopi law is clear on its face that the time constraints on appeal do not run from notice of the entry of judgment, but from entry of judgment itself. HIRCCP Rule 37(c); see also Pima at 280, 660 P.2d at 1207 (interpreting a nearly identical Arizona statute in this way.)
A judgment is complete and entered for all purposes when it is signed by the judge and filed with the clerk. HIRCCP Rule 28. In this case, this took place on July 6, 1993. Judgment Order.
Appellant’s counsel does not contend that he was unaware that the judge’s verdict on July 6, 1997 was a final judgment.[6] In fact, he refers to it as such throughout his papers. Affidavit; Appeal and Brief. October 5, 1993. The transcript clearly indicates that all parties were aware that this case had ended in a final judgment. Transcript tape 3, sides A & B.[7] However, counsel “assumed that a final written Judgment Order would be served upon me, at which time I would be able to perfect [the appeal] in a timely manner.” Affidavit, p. 1 (emphasis added). Counsel thus wrongly assumed that the deadline for filing an appeal runs from the date of notice rather than the date of entry of judgment. This belief was contrary to the clear statement of the relevant rule. HIRCCP 37(c).
Because counsel was aware that there was final judgment in this matter, and *295 because he failed to determine the date of entry of judgment on behalf of his client as was his obligation, this court finds that Appellant’s appeal must be dismissed.

ORDER OF THE COURT

The court hereby DISMISSES the appeal and DIRECTS the Tribal Court to exercise its discretion in carrying out its judgment order in case number 1999/92 of July 6, 1993, which imposed a sentence of 30 days in jail.

. Appellant failed to raise the issue of her untimeliness in her brief. However, in the interest of fairness, we will address those arguments raised by Appellant in her response lo the prosecution's motion to impose sentence.

. Our authority to consider Arizona law on issues that are unsettled in Hopi Law is provided by Resolution H-12-76, § 2(a)(5). Arizona law is merely persuasive, not mandatory, authority in the Hopi courts. See The Hopi Tribe v. Mahkewa, AP-002-92, p. 3 (1995). In Poleahla, however, we chose to adopt Arizona law regarding timely appeals.

. Compare Davis v. Davis, 143 Ariz. 54, 691 P.2d 1082 (1984). In Davis, the Arizona Supreme Court granted the appellant’s request to set aside the trial court's judgment to allow a late appeal due to extraordinary circumstances. First, the trial court had lost appellant's file. Second, representatives of appellant visited four different offices a total of seven times to try to ascertain whether judgment had been entered. Id. at 1084-85. The file was finally found one working day after the appeal deadline had passed, and appellant filed for appeal that very day. Id. at 1086. Finally, the trial court had entered judgment early in violation of Arizona rules of court, shortening appellant's time for appeal. Id. at 1086. The Davis court held that these extraordinary circumstances warranted relief in this case because of appellant’s diligence; and because it was not prejudicial to appellee.

."On or about Friday, September 17, 1993, I inquired at the Court Clerk's office about judgment orders in the Quanimptewa and Lo-mayestewa cases. At that tune / was handed a copy of the judgment Order for each Defendant.” Affidavit, pp. 1-2 (emphasis added).

. There is no evidence in the record that counsel requested that the trial judge provide additional explanation of his verdict. Transcript tape 3, sides A & B. Nor is there any indication in the record that the trial judge intended to do more than issue the standard Judgment Order which was issued in this case on the date of trial. Transcript tape 3, sides A & B. Assuming, however, that counsel did request additional explanation of the verdict, this still does not affect the deadline for appeal.

. The right to appeal exists from a final judgment. Hopi Ordinance 21 § 1.2.5, Thus, if Appellant's counsel were to successfully claim that this was not a final judgment, this would deprive this court of jurisdiction under Hopi Ordinance 21 .Id.

.The transcript reveals that after some discussion regarding interpretation of the statutes under which Appellant was charged, the trial judge stated twice that he was “finding defendant not guilty of assault and battery, and guilty of aiding and abetting an assault and battery.” Transcript tape 3, sides A & B. He then asked if counsel objected to sentencing. Id., side B. Both counsel asserted that they had no objection. Id. The trial judge sentenced Appellant to 30 days in jail, and to pay $100 in court costs. Id. Defense counsel then moved to stay enforcement of the sentence pending appeal, and the judge granted the motion. Id. The prosecution then requested that bond be posted, which the judge granted. Id.