OPINION AND ORDER

Ione Lomayestewa asks this court to overturn her conviction for disorderly conduct, based upon 1) insufficiency of evidence and 2) freedom of speech under the First Amendment to the United States Constitution and Section 1302.(1) of the Indian Civil Rights Act of 1968. Appellant filed her Appeal and Brief more than two months past the statutory filing deadline.

FACTUAL AND PROCEDURAL BACKGROUND

The Appellant was charged with “Disorderly Conduct in violation of Hopi Tribal Ordinance 21, Section 3.3.21(b).” Criminal Complaint, October 19, 1992. Specifically, the complaint alleges that Appellant “did willfully and unlawfully curse, verbally abuse, and threaten to beat” another party. Id.
On July 6, 1993, at the conclusion of trial, the Tribal Court found Appellant guilty of disorderly conduct and sentenced her to 30 days in jail. Judgment Order, July 6, 1993. That same day, the trial judge entered the Judgment Order and filed the Judgment Order with the clerk.
Nothing further occurred on this case for the next 73 days, until September 17, 1993. Beginning on that date, the following events took place:
• September 17, 1993: Counsel for Appellant inquired at the office of the Tribal Court clerk about the judgment in this case. The clerk handed counsel a copy of the judgment order, dated July 6, 1993. Affidavit of Counsel Explaining Why Appeals Not Perfected Within Twenty Days of July 6, 1993 in support of Defendants’ Response to Prosecution Motion to Impose Sentence, October 8, 1993, pp. 1-2 [hereinafter, “Affidavit”].
• October 4, 1993: The prosecution filed a Motion to Impose Sentence for failure to file an appeal in a timely manner in violation of Rule 37(c) of the Hopi Indian Rules of Civil and Criminal Procedure. Motion to Impose Sentence, October 1, 1993. As of this date, October 4, 1993. Appellant had filed neither a Notice of Appeal with the trial court, nor an Appeal Brief with the Appellate Court.
*334 • October 7, 1993: Appellant filed an Appeal and Brief in this case.
• October 8, 1993: Appellant opposed the Tribe’s motion to impose sentence, citing failure of the trial court clerk to serve the Judgment Order on the parties. Affidavit.
• October 21, 1993: The prosecution filed a response to defendant’s opposition to the Tribe’s motion to impose sentence. Hope Tribe’s Response to Defendant’s Response, October 21, 1993.
• January 19, 1994: The trial court denied the Tribe’s motion to impose sentence. Order, January 19.1994.

DECISION OF THE COURT

I. Appellant Failed to File Her Appeal In A Timely Manner, And There Are No Extenuating Circumstances. Therefore Appeal Is Unavailable To Her.

A. The Hopi Indian Rules of Civil and Criminal Procedure Clearly State the Filing Deadlines for Appeals.
Appellant failed to file her appeal in accordance with the statutory deadlines imposed by the Hopi Indian Rules of Civil and Criminal Procedure [hereinafter, “HIRCCP”]. Rule 37(c) of the HIRCCP requires that an appellant file a Notice of Appeal with the trial court within 20 days of the entry of the order of judgment from which the party is appealing. HIRCCP Rule 37(c). In addition, the appealing party is required to file its brief with the Appellate Court within 30 days of the filing of the Notice of Appeal. HIRCCP Rule 37(i). Appellant filed no papers regarding her appeal with either this court or the tribal court until October 7, 1993, 93 days after the entry of the order of judgment in this case. Appeal and Brief, October 7, 1993.
B. Absent Good Cause, Failure Of A Court Clerk To Serve Counsel With The Judgment Order Will Not Save An Untimely Appeal.
Appellant argues in her papers opposing the prosecution’s motion to impose sentence that the trial court clerk failed to serve counsel with the Judgment Order, and therefore, Appellant’s failure to file a timely appeal should be excused. Affidavit, p. I.[1] Appellant also argues that the reason defense counsel waited an admitted 73 days after the judgment to check with the clerk regarding the failure to serve was due to belief that the trial judge was going to serve some further explanation of his ruling upon him. Id.
In a companion case to the case at hand, and under identical circumstances, this court held such late filing of an appeal impermissible. Quanimptewa v. Hopi Tribe, 1999/92, AP-000-00, 1 Am. Tribal Law 290, 1997 WL 34678787 (Hopi C.A. 1997) (citing Poleahla v. Hopi Tribe, 2015/87, AP-007-88, 1 Am. Tribal Law 265, 266-67, 1997 WL 34678783, *1 (Hopi C.A. 1997)). In fact, we noted that u[e]ven when a clerk of the court fails to give notice of entry of judgment, the time for filing a timely appeal is not affected.” Id. (quoting Poleahla).
Absent good cause, then, this court does not permit the filing of an appeal after the statutory deadline. We must take care to note, however, that the late filing of an appeal does not deprive the Hopi Appellate Court of jurisdiction: See Mowa v. Coin, CIV 95000006, 97 AP *335 000002. This Court may, and has, permitted late appeals in eases’ showing good cause for delay. See id. (citing Harvey v. Hopi Tribe, Order No. AP-001-89, 1 Am. Tribal 270, 1997 WL 34678784 (Hopi C.A. 1996) (permitting late filing when the prosecuting attorney had resigned from the case, and the Tribe needed additional time to employ substitute counsel)). As we stated in Quanimptewa, however, “even excusable neglect affords no basis for relief from dismissal of an untimely appeal.” Quanimptewa. at 1 Am. Tribal Law 290, 292-94, 1997 WL 34678787, *2-3 (quoting Poleahla at 1 Am. Tribal Law at 265, 267, 1997 WL 34678783, *2). Thus, absent good cause, this court will not permit late filing of an appeal.
In Quanimptewa, as in the instant case, counsel was aware that on July 6, 1993, Appellant was convicted, sentenced, and a final judgment was entered. Counsel was present in the trial court during these proceedings. He blames his failure to pursue his client’s appeal on a clerical error by the trial court. Counsel, admits, however, that he failed to even check with the court until 73 days after final judgment was entered. Affidavit, p. 1. When he did finally check, the information he requested was made immediately available to him.[2] This information clearly affirmed that the judgment order had been entered on July 6, 1993. Judgment Order; Affidavit, pp. 1-2. Yet even though this confirmed once again that his client’s time to appeal had expired. Counsel still failed to act until more than two weeks later, and then only after the prosecution filed a motion to impose sentence.
As we noted in Quanimptewa, in cases of clerical error, counsel is obligated to pursue reasonable alternative measures to protect a client’s rights’. See Quanimp-tewa at 1 Am. Tribal Law 290, 292-94, 1997 WL 34678787, *3-4. Because counsel was aware that there was final judgment in this matter, and because he failed to determine the date of entry of judgment on behalf of his client as was his obligation, this court finds that Appellant’s appeal must be dismissed.

ORDER OF THE COURT

The court hereby DISMISSES the appeal and DIRECTS the Tribal Court to exercise its discretion in carrying out its judgment order in case number 2000/92 of July 6, 1993, which imposed a sentence of 30 days in jail.

. Appellant failed to address the issue of its untimeliness to this court in her appeal brief. In the interest of fairness, however, we will discuss her arguments as made to the trial court in response to the prosecution’s motion to impose sentence.

. "On or about Friday, September 17, 1993, I inquired at the Court Clerk’s office about judgment orders in the Quanimptewa and Lo-mayestewa cases. At that time I was handed a copy of the Judgment Order for each Defendant.” Affidavit, pp. 1-2 (emphasis added).