OPINION AND ORDER

This appeal addresses three issues: whether Appellant filed the Notice of Appeal in a timely manner, whether the Trial Court abused its discretion in ordering the Appellant to build a home for Respondent, and whether a Chapter 7 discharge in the United States Bankruptcy Court eliminates all debts prior to discharge

STATEMENT OF RELEVANT FACTS & PROCEDURAL HISTORY

Appellant and Respondent were married on June 25, 1994. The union did not produce any children. Appellant filed for divorce on November 10, 1999. A divorce was granted on December 2, 2000, and an amended divorce decree was entered on January 9, 2001.
As part of the amended divorce decree, Appellant was ordered to pay spousal support in the amount of $150.00 per month for twenty-four months and mortgage payments in the amount of $400.00 per month on a mobile home possessed by Respondent. The Appellant was awarded a year 2000 Ford pickup truck, 401(k) savings, and cattle and livestock.
Appellant did not make mortgage payments on the mobile home. The mortgage company filed for repossession of the mobile home. The Appellant did not notify Respondent of the pending repossession nor did he attend the repossession hearing. An order of default was granted to the mortgage finance company on October 12, 2001. The Respondent was given a two-day notice to move out. The mobile home was repossessed on November 1, 2001. On December 28, 2001, at an Order to Show Cause Hearing, Appellant was found in contempt of court and was ordered to pay Respondent either $39,000 in cash or build her a home of equivalent value. Appellant was also ordered to serve a jail sentence. He never showed up to serve the sentence and an arrest warrant was issued.
Appellant filed for bankruptcy at the United States Bankruptcy Court on March 4, 2002. The Bankruptcy Court discharged his debts including the $39,000 judgment on June 4, 2002. Subsequently, on June 19, 2002, Appellant filed a motion *210 to vacate the $400.00 wage garnishment and the $39,000 judgment based on the Bankruptcy Court’s discharge; The $150.00 per month spousal maintenance payment was not dischargeable according to United States Bankruptcy Law, and therefore, remained in effect.
On August 2, 2002, the Hopi Trial Court granted Appellant’s motion conditionally and the parties were allowed to file briefs on two issues related to whether a United States Bankruptcy Court order was enforceable in Hopi Tribal Courts. The Court temporarily vacated the $39,000 judgment. In addition, the Court ordered an indefinite postponement of the arrest warrant pending the resolution of these issues. On February 24, 2003, the Trial Court ruled that the $39,000 judgment was discharged as a result of bankruptcy. The build a home provision, however, was still enforceable and a contempt sentencing hearing was scheduled.
On March 3, 2003, at the sentencing hearing on his December 28, 2001 contempt of court finding, Appellant argued that the build a home provision was not enforceable as the $39,000 judgment had been discharged. The Court entered the contempt finding orders on April 11, 2003. Appellant appealed on April 30, 2003.

ISSUES

1. Whether the appeal was timely filed pursuant to the Hopi Indian Rules of Civil and Criminal Procedure; and if not, whether the Appellant has shown good cause in the delay.
2. Whether the Hopi Trial Court abused its discretion in ordering the Appellant to “build a home” for Respondent after the Chapter 7 discharge.
3. Whether a Chapter 7 discharge in the United States Bankruptcy Court eliminates all debts prior to the date of the order of relief for the debtor.

DISCUSSION

I. Appellant failed to file his appeal in a timely manner and there is no good cause for the delay.
The Hopi Appellate Court has jurisdiction to hear appeals from final orders. Hopi Tribal Ordinance 21, § 1.2.5. A final order is one that “ends the litigation on the merits and leaves nothing for the [trial] court to do but to execute the judgment.” Homie v. Hopi Tribal Housing Authority, 1 Am. Tribal Law 346, 1998 WL 35281675 (1998), citing Collard v. United States, 10 F.3d 718 (10th Cir.1993). A written Notice of Appeal must be filed within 20 days from the date of entry of the final order, specifying the parties to the appeal, the order appealed from and a short statement of the reason for the appeal. Hopi Indian Rules of Civil and, Criminal Procedure (“HIRCCP”), Rule 37(c). Absent good cause, this Court does not accept untimely appeal. See Lomayestewa v. Hopi Tribe, 1 Am. Tribal Law 332, 1998 WL 35281681 (1998).
The Appellant filed the Notice of Appeal on April 30, 2003. In the Notice, the Appellant states that the reason for the Appeal is that the Trial Court erred in “bifurcating the matter of payment in lieu of building a home”, and that the appeal was from the Order dated April 11, 2003. Two Orders were issued on that day: a Judgment Order and an Amended Judgment Order. Both Orders address the merits of the contempt sentencing only. They end the litigation on the merits on the contempt finding and leave nothing but the execution of the judgment. Neither Order discusses the merits or the judgment on the build a home provision. The court merely mentions that the Orders do *211 not “absolve [Appellant] from paying alimony and to build a home for [Respondent].” They are, therefore, the Final Order for the contempt sentencing only.
We find that the Final Order for the build a home provision is the February 24, 2003 Order. It vacates the $39,000 judgment and affirms the build a home provision. Although the Order instructs Appellant to appear at a sentencing hearing on the contempt of court finding issued on January 7, 2002, it does not distract from the finality of the build a home judgment. Because it delineates the rights and liabilities of the Appellant to build a home for Respondent, it ends the litigation on this issue on the merits and leaves nothing but the execution of the judgment. This is, therefore, a Final Order.
The Appellant filed his Notice of Appeal on April 30, 2003 and the Final Order on the issue he appealed from was entered on February 24, 2003. More than twenty days had elapsed between the entry of the Final Order and the filing of the Notice of Appeal. The Appellant failed to file his Notice of Appeal in a timely manner and he has not shown good cause for the delay.
II. Appellate Court Review under an Extraordinary Writ
This Court may grant relief by issuing an extraordinary writ pursuant to HIRCCP, Rule 35(a), if there is no other plain, speedy and adequate remedy. The extraordinary writ may be based on four grounds including “[w]here an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction or abused its discretion.” HIRCCP, Rule 35(a)(2). Appellant alleged in his brief that the Trial Court abused its discretion in ordering the build a home provision. This Court therefore grants an Extraordinary Writ and asserts jurisdiction to review Appellant’s appeal of the February 24, 2003 Order despite the untimely filing of the Notice of Appeal. The standard of review is de novo, as it involves a question of Hopi Law. Hopi. Tribal Resolution, H-12-76, § 3.
A. The Trial Court partially erred in ordering the Appellant to build a home.
Following Appellant’s filing of bankruptcy in the United State Bankruptcy Court, the Tribal Court partially erred in ordering Appellant to build a home for Respondent. Although the Trial Court’s Order is consistent with Hopi Customary Law, the specific performance remedy is not enforceable. The Trial Court properly concluded Appellant’s behavior is against the Hopi sense of fairness. It is “Nukpun-ti” or an “act of evil intended to deprive a former spouse of property that is rightfully hers.” We agree this conclusion is supported by the facts. The Appellant never intended to honor the original Divorce Decree and his duty to provide a home for his former spouse. The mobile home was repossessed less than a year after the Divorce Decree. He did not attend the repossession hearing or inform Respondent of the situation. Consequently, Respondent was given a two-day notice to move out and was left homeless. Following the January 7, 2002 Order, the Appellant filed for bankruptcy at the United States Bankruptcy Court and discharged all debts, including the Trial Court’s $39,000 judgment. Now, Appellant seeks the Court to vacate the alternative judgment providing Respondent with a home.
It is obvious that the Trial Court attempted to fashion a remedy consistent with and supported by Hopi Customary Law. That law provides that the Hopi home is a sacred place where children are instilled with Hopi traditions and values and where the wife fulfills her obligations to her clan. Unlike the Anglo- *212 American culture, the Hopi home is not merely a piece of real estate shared in common by the husband and wife. Hopi is a matrilineal society. The husband has the duty to provide support and maintenance for the wife in the form of a home and other resources to enable her to fulfill her obligations to her clan. Traditionally, upon the completion of the wedding ceremony at the groom’s household, the bride returns to her family home where the groom joins her to begin the marital relationship. After the groom accumulates sufficient resources to build a home for his wife, the new couple moves to the new home to become nawipti, or independent. This new home becomes the womb of the new family where Hopi traditions and values are perpetuated. By virtue of her matrilineal duties, the wife’s interest in the home is paramount to that of the husband. The husband’s obligation to his clan, on other hand, takes place in the homes of his clanswomen, not his wife’s home.
While the Trial Court’s Order respects Hopi Customary Law, it did not incorporate the meaning and significance of the home in its initial Final Order of January 7, 2002. This Court also notes that the build a home judgment is a difficult order to enforce.[1] The Trial Court, however, could issue alternative means by which Appellant could provide a shelter for Respondent. Indeed, the Trial Court may modify Orders of this nature to reflect changed circumstances.
B. Modification in Alimony to Reflect Changed Financial Circumstances
According to HIRCCP, Rule 5(e), “[a]ll pleadings shall be so construed as to do substantial justice.” Respondent asserts in her appellate brief that the $39,000 or the build a home provision is in the nature of alimony, spousal support and maintenance, not property settlement. As it is within this Court’s discretion to liberally construe the pleadings to effectuate the parties’ intent, Respondent’s motions and briefs, taken together, are treated as a Petition for Modification in Alimony to reflect significant changes in financial circumstances of the parties following the discharge of the $39,000 judgment in United States Bankruptcy Court. See Coin v. Mowa, No. AP-005-95 (March 28, 1997).
Appellant and Respondent’s Divorce Decree was premised on Appellant providing Respondent with a home by paying the mortgage for the mobile home. Appellant was ordered to pay alimony in the amount of $150.00 per month for twenty-four months and mortgage payments in the amount of $400.00 per month on the mobile home. The Appellant was awarded the 2000 Ford pickup truck, funds in 401 (k) savings, and cattle and livestock. The only significant personal property awarded to Respondent was a nine-quart Dutch oven. Without the mobile home, Respondent is left with only $3,600 in alimony payments and a nine-quart Dutch oven; whereas Appellant owns a year 2000 Ford pickup truck, funds in the 401(k) plan and cattle and livestock. The original Divorce Decree did not intend such inequity.
Appellant’s discharge of the $39,000 judgment created significant changes in financial circumstances of both parties. Appellant is financially better off after the discharge. Respondent is left homeless. *213 Appellant is employed. He no longer pays the mortgage on a mobile home, owns a late model pickup truck, funds from a 401(k) plan, and cattle and livestock. Respondent is unemployed and homeless. Moreover, Respondent’s disabilities severely limit her employment opportunities.
There is a Hopi saying: Hak ha-kiy aw nukpante’ son put akw aapiy neen-gem nukngwat aw yorikngwu. (If one commits a wrong upon another he cannot realize a benefit to himself by it.) Although Respondent’s forum shopping has caused difficulty in the enforcement of the Trial Court’s judgment, the Hopi Tribal Courts have the authority to modify alimony to effectuate the Hopi sense of fairness. In doing so, factors that need to be considered include the meaning and significance of the home in Hopi Culture, premises upon which the original divorce decree was based and the changed financial circumstances of the parties after the discharge of the $39,000 judgment.
III. Chapter 7 discharge in the United States Bankruptcy Court
Modification in alimony following bankruptcy and discharge of property settlement is permitted and does not violate § 524 of the U.S. Bankruptcy Code if it “merely takes into account the fact that one spouse would no longer receive the property settlement payments upon which the original [divorce decree] was premised and the discharge results in changed financial circumstances” In re Marriage of Trickey, 589 N.W.2d 753, 757 (1998).
According to the United States Bankruptcy Code, a Chapter 7 discharge does not relieve all debts arise out of a divorce settlement. Debts in the nature of property settlements are generally dischargeable and the spouse adversely affected cannot attempt to collect the discharged property. 11 USC § 524 Debts in the nature of alimony, spousal maintenance or support are non-dischargeable. 11 USC § 523(a)(5) Furthermore, there are also public policy exceptions. For example, debts resulted from “willful and malicious injury by the debtor to another entity or to the property of another entity” are not dischargeable. Id. The United States Bankruptcy Court clearly did not consider the meaning and significance of the home in the Hopi Culture. It discharged a judgment intended to provide support for Respondent as an Anglo-American style property settlement.

CONCLUSION

We find Appellant failed to file his Notice of Appeal in a timely manner and there is no showing of good cause for the delay. However, because Appellant alleged that the Trial Court abused its discretion in ordering him to build a home for Respondent, this Court asserts jurisdiction by grant of an Extraordinary Writ.
The Trial Court partially erred in ordering the Appellant to build a home for Respondent. Although the judgment is supported by Hopi Customary Law, the specific performance remedy is not enforceable. Appellant’s failure to honor his duty to provide his former spouse with a home is “Nukpunti.” It is also contrary to the meaning of the home in Hopi Culture. As Hopi is a matrilineal society, the home is not merely a piece of property shared in common by husband and wife, it is a sacred place essential to the wife in fulfilling her obligations to her clan.
The Respondent argues that the $39,000 judgment is alimony in nature rather than a property settlement. This Court therefore liberally construes Appellant’s pleadings as a Petition for Modification in Alimony. The Amended Divorce Decree shall be modified to reflect the *214 significance of the home in Hopi Culture, premises upon which the original Divorce Decree was based and significant changes in financial circumstances of the Respondent Constance Mahkewa.

ORDER OF THE COURT

This case is remanded to the Trial Court for further deliberations consistent with this opinion.

. Appellant complains of the harshness of the Trial Court's judgment, but never notes that it was his initial willful and deliberate act that resulted in the deprivation of Respondent’s home. Upon the issuance of the January 7th Final Order, Appellant could have filed an appeal with this Court. Yet, he turned to a foreign jurisdiction. Appellant failed to fulfill his duty to his former spouse, and at the same time compromised the sovereignty of the Hopi Nation.