425 P.2d 420

**H. S. HACKIN and Charlotte E. Hackin, his wife, Hackin Plumbing & Heating, Rosalind Gallai, Petitioners,**

v.

**SUPERIOR COURT, MARICOPA COUNTY, Honorable George M. Sterling, Judge, L. C. Boies, Sheriff, Respondents,**

and

**Pioneer Plumbing Supply Co., an Arizona corporation, Real Party in Interest.**

**No. 8886–PR.**

Supreme Court of Arizona.

In Banc.

March 22, 1967.

Stewart & Pickrell, by Harry A. Stewart, Jr., Phoenix, for petitioners.

Spector & Johnson, by Bernard L. Bebeau and Albert B. Spector, Phoenix, for respondents.

UDALL, Justice:

This matter is before us by a petition to review the decision of the Court of Appeals reported in 4 Ariz.App. 190, 419 P.2d 94. The Court of Appeals, Division 1, denied a petition in the alternative for a writ of mandamus, a writ of prohibition, or a writ of certiorari.

Briefly, the facts of the case are as follows: Pioneer Plumbing Supply Com-

pany (hereinafter referred to as Pioneer) was the plaintiff and real party in interest in two suits which were consolidated for trial in the Superior Court of Maricopa County. Pioneer sought damages for breach of contract and also judgment foreclosing a real property mortgage securing a promissory note. Petitioners herein were the parties defendant.

Judgment was entered for Pioneer on June 23, 1966, in both suits. On June 29th, a special execution was issued on the mortgage foreclosure judgment, whereupon a Sheriff's sale was set for July 28, 1966. Petitioners filed a motion for a new trial but it was denied on July 26, 1966. On July 27th petitioners gave notice of appeal from the judgments rendered and posted a cost bond. They also requested the trial judge to stay the Sheriff's sale and to fix a supersedeas bond. The court refused to stay the sale but it did fix the supersedeas bond in the amount of $150,000.

Petitioners applied to the Court of Appeals on July 28th, at an hour prior to the time set for the Sheriff's sale, for extraordinary relief and for an order staying the sale pending the determination of their petition. The appellate court did not stay the Sheriff's sale and it scheduled an informal hearing on the matter at an hour later than the time set for the foreclosure sale. The Sheriff thus conducted the sale as scheduled and the real property was sold to the judgment creditor, Pioneer, for $100,505.61—which being a sum less than the total sum represented by the foreclosure judgment, left a deficiency.

Narrowly stated, the question presented to us for decision is whether the trial court acted beyond its jurisdiction in not entering an order staying the Sheriff's sale and in setting a supersedeas bond pursuant to the provisions of Rule 73(k) (1) rather than Rule 73(k) (2) of the Rules of Civil Procedure, 16 A.R.S., after petitioners had given notice of appeal from the judgments entered and had posted a cost bond.

In Allison v. Chatwin, 99 Ariz. 99, 103, 407 P.2d 69, this Court made clear its view of both the purpose of a supersedeas bond and a lower court's duty with regard thereto:

> "The purpose of the supersedeas bond is to afford the party appealing from a lower court order to stay any further proceedings in the cause being appealed until such time as the appeal has been ruled upon by the reviewing court. Therefore, *the lower court, upon notice of appeal, should determine as quickly as possible the amount of the supersedeas bond, stay execution for a reasonable time to permit the party appealing to post the bond, and thereby stay and preserve the status quo.* Otherwise the effect might be to render nugatory the purpose of the supersedeas bond." (emphasis added)

In the case at bar, petitioners filed their notice of appeal and at the same time asked the trial court to stay the sale. Under the guidelines set out in *Allison,* it is manifest that the lower court was required to "stay execution for a reasonable time" and to "determine as quickly as possible the amount of the (supersedeas) bond." The trial court had no discretion to do one and not the other as it did in the instant case, i. e. set the amount of the bond but refuse to stay the sale. Such an arbitrary action serves no valid purpose whatsoever, for as also stated in the Allison case, the object and purpose of a supersedeas bond is to "stay any further proceedings in the cause being appealed" in order to "preserve the status quo." Herein, when the trial court acted erroneously in not staying the Sheriff's sale for a reasonable time, it effectively rendered nugatory the very purpose of a supersedeas bond, for petitioners' real property was sold at public sale. It admits of no other conclusion but that the status quo was not preserved for title to the foreclosed land is now in the judgment creditor, who purchased the property at the sale, and who now may convey it to a bona fide purchaser. If petitioners then were to prevail on appeal they will still have lost their land, which is unique

and therefore an award of money would be an inadequate reimbursement.

 The trial court further erred in setting the amount of the supersedeas bond at $150,000. Apparently, the court applied Rule of Civil Procedure 73(k) (1) rather than 73(k) (2). Rule 73(k) (2) reads:

"2. When the judgment determines the disposition of the property in controversy as in real actions, replevin, and *actions to foreclose mortgages* or when such property is in the custody of the sheriff or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay." (emphasis added)

Petitioners sought the fixing of a supersedeas bond in relation to an appeal from a judgment foreclosing a real property mortgage and therefore the bond clearly should have been set pursuant to the provisions of Rule 73(k) (2).

 In view of the trial court's grievous errors and the facts of this particular case, we are of the opinion that the sale of petitioners' real property must be set aside. We think such is the necessary and proper disposition because a substantial wrong and injustice has been done petitioners and furthermore, because Pioneer will not be deprived of any substantial rights by our order for if the lower court had not erred, Pioneer's judgment of foreclosure would have been held in the status quo and not been executed pending the determination of petitioners' appeal which is presently before the Court of Appeals. Our setting aside of the sale at this time will put Pioneer in no different a position than that.

Judgment of the Court of Appeals is vacated, and the peremptory writ of mandamus is ordered issued. The trial court is directed to set aside the Sheriff's sale and fix a supersedeas bond in accordance with Rule 73(k) (2).

BERNSTEIN, C. J., and McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.