529 P.2d 721

**Gerald KIEFER, Appellee,**

**v.**

**Roger MAY, Appellant.**

**No. 1 CA–CIV 2890.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 12, 1974.

Rehearing Denied Jan. 15, 1975.

Review Denied March 4, 1975.

**568**

Behrens, MacLean & Jacques by Raoul T. Jacques, Phoenix, for appellant.

Herbert & Varbel by Richard. J. Herbert, Phoenix, for appellee.

## OPINION

PER CURIAM.

This opinion is issued in connection with the Court's ruling on a motion to dismiss the appeal. Although such rulings are normally issued in order form, as this case involves an interpretation of proper appellate procedure and the jurisdiction of this Court, the Court believes that an opinion for publication is appropriate in order to call the bar's attention to this subject matter.

Upon the filing of a civil appeal, this Court conducts a preliminary review of the record in order to determine whether or not it has jurisdiction. Van Baalen v. Superior Court, 19 Ariz.App. 512, 508 P.2d 771 (1973); Howard P. Foley Co. v. Harris, 4 Ariz.App. 294, 419 P.2d 735 (1966). Such review in this case indicated an apparent lack of jurisdiction in this Court because of the absence of any timely bond for costs on appeal. The parties were advised of this apparent defect and asked to submit any additional information or authorities. Both parties responded, and ap-

pellee moved to dismiss the appeal for lack of jurisdiction based on appellant's failure to timely file a bond for costs on appeal.

The procedural sequence relevant to this issue was as follows. On February 8, 1974, the written order appealed from was entered. On that same date appellant filed his notice of appeal and a request that the trial court fix the amount of a supersedeas bond. No further proceedings were held with respect to fixing the amount of the bond until May 9 and May 15, 1974, on which latter date a minute entry order fixing the amount of the supersedeas was entered. On July 5, 1974, appellant finally filed his supersedeas bond. Thus, no bond of any sort was filed by appellant within 60 days after the entry of the order appealed from.

The timely perfection of an appeal is necessary in order to give this Court jurisdiction. Perfection of an appeal is governed by 16 A.R.S., Rules of Civil Procedure, rule 73(b), subd. 1, which specifies that an appeal shall be perfected by filing in the superior court both a notice of appeal and a bond for costs on appeal within 60 days from the entry of the order appealed from. Both the notice and the bond are jurisdictional requirements, and failure to file either on time deprives this Court of jurisdiction to consider the appeal. Marquez v. Rapid Harvest Co., 89 Ariz. 62, 358 P.2d 168 (1960); Harbel Oil Co. v. Steele, 80 Ariz. 368, 298 P.2d 789 (1956); Newland v. Fossey, 2 Ariz.App. 394, 409 P.2d 314 (1966). Except as provided in Rule 73(b), subd. 2, the time for perfecting an appeal may not be extended. 16 A.R.S., Rules of Civil Procedure, rule 6(b); 17A A.R.S., Rules of Supreme Court, rule 11. No bond having been filed in this appeal within the prescribed period, the appeal has not been timely perfected, and this Court has no jurisdiciton to entertain it.

Appellant contends that his supersedeas bond filed 147 days after the entry of the order appealed from substitutes for the cost bond under Rule 73(h), which provides:

"The bond for costs on appeal shall be in the sum of two hundred fifty dollars, unless the court fixes a different amount or unless a supersedeas bond is filed, in which event no separate bond for costs on appeal is required."

In our opinion the latter rule relates only to the amount of the bond and not to the time of its filing, and merely authorizes a *timely* supersedeas bond as a substitute for the required bond for costs on appeal. A supersedeas bond is required to cover costs on appeal in addition to the satisfaction of the judgment by Rule 73(k). Therefore there is no need for a separate cost bond when the supersedeas bond is filed within the 60 day time limitation set forth in Rule 73(b), subd. 1. If this Court were to adopt appellant's contention, we would in effect be permitting an unlimited *ex parte* extension of the prescribed time for appeal.

Appellant also contends that since he filed his request that the trial court fix the amount of the supersedeas at the same time that he filed his notice of appeal, he should not be deprived of his appeal because of the court's failure to set the request for hearing, or be prejudiced by the trial court's calendar. Under our adversary system, it is the duty of the attorney for a party seeking relief to insure that matters subject to prescribed time limits are acted upon within those limits, or that other appropriate action is taken to preserve his client's rights. The case of Hackin v. Superior Court, 102 Ariz. 93, 425 P.2d 420 (1967), relied on by appellant, is not relevant because it concerns a trial court's duty to fix a supersedeas and stay execution once an appeal has been perfected, a situation not present here. In Hackin the appellant had perfected his appeal by timely filing both the notice and cost bond, and the Supreme Court was concerned only with the trial court's failure to stay the judgment, thus defeating the purpose of the supersedeas. This primary purpose of a supersedeas, to stay the en-

forcement of the judgment pending a valid appeal, has nothing to do with the perfection of the appeal itself. Appellant cannot hide behind the trial court's calendar or its failure to schedule a hearing, because he could easily have requested the trial court to hold the hearing in time to permit the timely filing of a supersedeas bond so that it could also serve as his cost bond. If the trial court had refused to act, appropriate special action remedies were available to appellant,[1] or he could have timely filed a cost bond. Additionally, we note that appellant's purported excuse that he was awaiting the trial court's ruling is belied by his waiting for 51 days after the amount of the bond was fixed before filing it.

For the foregoing reasons, this Court has no jurisdiction over this appeal, and it is hereby dismissed.

JACOBSON, C. J., Division 1, HAIRE, P. J., and EUBANK, J., concur.

---

1. This is not to be construed as a holding that either the filing of a special action to review the *merits* of the judgment entered in the trial court or the filing of a special action within 60 days seeking to require the setting of a bond by the trial court operates to extend the appeal period.