543 P.2d 1120

**Gladys E. PORTER, Appellant,**

v.

**COMMERCIAL STANDARD INSURANCE COMPANY, and Pearline Porter, Pauline T. Leonard and George C. Kemble, Appellees.**

**No. 12000.**

Supreme Court of Arizona,
En Banc.

Dec. 19, 1975.

Rehearing Denied Jan. 20, 1976.

**492**

Richard A. Wilson, W. Francis Wilson, Phoenix, for appellant.

Behrens, MacLean & Jacques by William F. Behrens, Phoenix, for appellees.

HAYS, Justice.

Gladys E. Porter appeals from a decision of the Superior Court of Maricopa County denying appellant's petition to determine damages. We take jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

On or about January 24, 1962, a judgment was entered in the Superior Court of Maricopa County, adjudging that plaintiffs in intervention, hereinafter referred to as appellees, had no interest in the Arizona Hotel. Appellees appealed from that judgment and filed a supersedeas bond on appeal on March 15, 1962. The bond was approved and a stay was granted on that date. Thereafter, on or about May 24, 1963, the City of Phoenix offered to buy the Arizona Hotel for $310,000. This court affirmed the judgment of the Superior Court on July 24, 1966. *Porter v. Porter,* 101 Ariz. 131, 416 P.2d 564 (1966). On March 13, 1967, the United States Supreme Court denied certiorari. The Arizona Hotel was subsequently sold on or about October 19, 1967, to the City of Phoenix for $265,000.

Appellant presents three questions on appeal:

1. What damages are contemplated under Rule 73(k), Rules of Civil Procedure as "damages for delay"?

2. Were the damages claimed by appellant a result of the delay caused by appellee's appeal?

3. Did appellant have a duty to sell the hotel during the pendency of the appeal?

Appellant was declared to be the sole owner of the Arizona Hotel by the Superior Court judgment of January 24, 1962. The actual control of the operations of the hotel remained in the hands of a receiver during the course of the appeal. A petition for damages was filed with the Supreme Court on March 28, 1967, claiming damages for delay, which included receiver's fees and depreciation of the hotel property. Appellant contends that she is entitled to damages amounting to the loss in value of the hotel between the time of the City's first offer and the actual sale.

The granting of a stay upon the filing of a supersedeas bond suspends enforcement of a trial court's judgment. The function of a supersedeas bond is:

"To stay future proceedings and not to undo what is already done. It has no

retroactive operation, so as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual." *Gotthelf v. Fickett*, 37 Ariz. 322, 327, 294 P. 837, 839 (1930).

In essence, the supersedeas bond has the effect of maintaining the status quo until the appellate process is completed. This result is in accord with the general principle that "an appeal generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal." *Castillo v. Industrial Commission*, 21 Ariz.App. 465, 467, 520 P.2d 1142, 1144 (1974); *Continental Casualty Co. v. Industrial Commission*, 111 Ariz. 291, 528 P.2d 817 (1974).

It cannot now be argued that the land could have been sold and the money held in escrow pending the outcome of the appeal. As we held in *Hackin v. Superior Court*, 102 Ariz. 93, 425 P.2d 420 (1967):

> "If petitioners then were to prevail on appeal they will still have lost their land, which is *unique* and therefore an award of money would be an inadequate reimbursement." (Emphasis supplied.) 102 Ariz. at 94–95, 425 P.2d at 421–22.

We hold that appellant had no obligation to contact the other parties to the litigation in order to arrange a sale of the hotel, nor did she have a duty to show that she was willing to, or in fact attempted to accept the city's first offer to purchase. Appellant was in fact prevented from selling the Arizona Hotel by the appeal. We do not now determine the amount of damages to which appellant is entitled. The issue of damages is a factual issue which must be determined by the trial court.

This case is remanded with instructions that the trial court hold a hearing on the issue of damages and enter judgment for appellants in that amount.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.