570 P.2d 226

**Laszlo VARGA, Appellant,**

v.

**Joe HEBERN and Margaret Hebern, husband and wife, Appellees.**

**No. 1 CA–CIV 3690.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 6, 1977.

Johnson, Tucker, Jessen & Dake, P. A. by William R. Mettler, Jr., Phoenix, for appellant.

Stephen W. Connors, Phoenix, for appellees.

## OPINION

HAIRE, Judge.

The single issue presented by this appeal is whether a party dissatisfied with an award after arbitration pursuant to A.R.S. § 12–133 can invoke the jurisdiction of the superior court for a trial *de novo* if such party fails to deposit the sum provided by § 12–133F within the twenty day period provided by the applicable court rule, Rule 7(a) of the Uniform Rules of Procedure for Arbitration, 17A A.R.S., (1974). We answer the question in the negative.

The appellant Laszlo Varga brought an action to recover the sum of $2,022.67 from the appellees Hebern. Since the claim did not exceed $3,000, it was submitted to arbitration pursuant to the aforesaid statute and rules. The matter was heard by the designated arbitrator, who filed an award denying appellant's claim on February 23, 1976. On March 3, appellant filed a notice of appeal from the arbitration award. He did not, however, either at that time or at any time within twenty days after the filing of the award, make the monetary deposit which is provided for in the statute as follows:

"§ 12–133

\*     \*     \*     \*     \*     \*

"F. Any party to the arbitration proceeding may appeal from the arbitration award to the court in which the award is entered by filing, within the time limited by rule of court, a demand for trial de novo on law and fact. Upon appeal, at the time of filing the demand for trial de novo, *and as a condition of filing,* the appellant shall deposit a sum equal to the total compensation of the arbitrators, but not exceeding ten per cent of the amount in controversy, which sum shall be forthwith deposited with the county. If, on appeal, the appellant fails to receive judgment which is more favorable to the appellant than the amount awarded by the arbitrators, the deposit shall than be paid to the county; otherwise, it shall be refunded to the appellant. If the court finds that the appellant is unable to make such deposit by reason of lack of funds, the court shall allow the filing of the appeal without such deposit." (Emphasis added).

Rule 7(b) of the Arbitration Rules, which implements this portion of the statute, provides:

"Rule 7.   Right of Appeal

\*     \*     \*     \*     \*     \*

"(b) Deposit on Appeal. At the time of filing the notice of appeal, and as a condition of filing, the appellant shall deposit with the Clerk of the Superior Court a sum equal to the total compensation of the arbitrators, but not exceeding ten per cent of the amount in controversy. If on appeal the appellant fails to receive judgment which is more favorable to the appellant than the amount awarded by the arbitrators, the deposit shall then be paid by the Clerk of the Superior Court to the county; otherwise, it shall be refunded to the appellant. If the Court finds that the appellant is unable to make such deposit by reason of lack of funds, the Court shall allow the filing of the appeal without deposit."

Appellant subsequently, in May, 1976, moved for an extension of time in which to make the deposit. He claimed excusable neglect and, relying upon Rule 6(b) of the Arizona Rules of Civil Procedure, 16 A.R.S., sought an exercise of the trial court's discretion permitting the late deposit and thereafter a trial *de novo*. There is no claim that appellant could not have ascertained the proper amount to deposit, nor did appellant make a timely claim that he was unable to make the deposit by reason of lack of funds. The trial court rejected the claim of excusable neglect and rendered final judgment for appellees.

■ In our opinion, the provisions of § 12–133F very clearly make the timely deposit of the prescribed amount of money a jurisdictional prerequisite to obtaining the *de novo* review provided for in the statute. Rule 6(b) of the Rules of Civil Procedure [1] is not by its terms applicable to the situation and cannot be construed to nullify the specific provisions of the statute. Appellees, we believe, correctly analogize this case to the situation where an appellant from a final superior court judgment fails to timely file a bond for costs on appeal. *See Kiefer v. May,* 22 Ariz.App. 567, 529 P.2d 721 (1974), and the authorities cited therein. In neither case does jurisdiction to proceed further attach.

Appellant argues that the present case is distinguishable from the cost bond cases which involve appeals from the superior court to an appellate court because the matter is at all times in the superior court. We believe that this is a distinction without a difference and that it is our duty to uphold the obvious intent of the legislature to condition the right to a second trial upon the timely deposit of the required sum. Nor do we see any significance in the fact that the arbitrator did not function as a "court of record". *Cf. Kinnison v. Superior Court,* 46 Ariz. 133, 46 P.2d 1087 (1935).

■ We also note the case of *Diggs Realty and Insurance v. Pertile,* 114 Ariz. 85, 559 P.2d 205 (Ct.App.1977), enforcing the twenty day limit for perfecting an arbitration appeal. While the filing of the award divests the arbitrator of jurisdiction, the further affirmative steps provided in § 12–133F and Rule 7(b) are essential to invoke jurisdiction for the *de novo* appeal.

The judgment of the superior court dismissing the attempted appeal for a *de novo* trial is affirmed.

FROEB, C. J., and NELSON, P. J., concur.

---

1. "6(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(d), (g) and (*l*), 60(c) and 73(b) and (s), except to the extent and under the conditions stated in them."