596 P.2d 383

Melanie Lueck SAKALL, Individually and Melanie Lueck Sakall, as Guardian and Conservator of Theadore Lueck and Jeffery Lueck, Plaintiff/Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, a corporate surety, authorized to do and doing business in Arizona and incorporated under the laws of Pennsylvania, James B. Faux, resident agent of Insurance Company of North America, Lawrence Velasco, resident agent of Insurance Company of North America, and Southern Pacific Transportation Company, a Delaware Corporation, Defendants/Appellees.

No. 2 CA–CIV 3046.

Court of Appeals of Arizona, Division 2.

April 5, 1979.

Rehearing Denied May 16, 1979.

Review Denied June 5, 1979.

Haralson, Kinerk & Morey, P. C. by Dale Haralson, Tucson, for plaintiff/appellant.

Bilby, Shoenhair, Warnock & Dolph, P. C. by Barry M. Davis and Richard M. Bilby, Tucson, for defendants/appellees.

## OPINION

RICHMOND, Chief Judge.

This is an action on a supersedeas bond for "damages for delay" during appeal as the result of the erosion in purchasing power of the amount of a money judgment. The trial court dismissed the complaint for failure to state a claim upon which relief can be granted. We affirm the judgment of dismissal.

Plaintiff in her individual and representative capacities was awarded a judgment totaling $3.08 million in August, 1973, in an action for the wrongful death of her husband. Following an appeal by the defendant in that action, Southern Pacific Transportation Company, and the denial by the United States Supreme Court of a petition for certiorari the judgment was satisfied in April, 1976, by payment of $3,572,457, including post-judgment interest at the rate of six per cent per annum set by statute, A.R.S. § 44–1201. Plaintiff acknowledged receipt of that amount "as full and complete satisfaction of that certain judgment dated August 17, 1973, together with all costs and interest thereon."

Supersedeas bonds staying the judgment during the appeal and petition for certiorari were issued by Insurance Company of North America as surety with Southern Pacific Transportation Company as principal. The condition of the obligation on each bond was identical in all material respects:

> . . . that if said principal satisfies said judgment in full together with costs, interest, and damages for delay, if . . . the judgment is affirmed, . . . then the foregoing bond and obligation shall be void; otherwise to remain in full force and effect.

In her complaint plaintiff alleged that the value of $3.08 million in terms of 1973 dollars had diminished to $2.42 million by April of 1976 as the result of inflation, and sought the difference of $660,000 as unsatisfied damages for delay. She argues that the statutory interest she received merely compensated her for the loss of use of the money, leaving her uncompensated for the diminution in its purchasing power.

Plaintiff relies on cases holding an appellee entitled to recover for the depreciation of stocks or bonds during appeal. *See, e. g., Bemiss v. Commonwealth*, 113 Va. 489, 75 S.E. 115 (1912). She also argues that her position is supported by the decision in *Porter v. Commercial Standard Insurance Company*, 112 Ariz. 491, 543 P.2d 1120 (1975), holding that a party who was prevented by an appeal from selling her hotel was entitled to recover "damages for delay" if she could prove the resulting delay in accepting a purchase offer caused a loss. All of those cases, however, while supporting an award for loss in property value during the pendency of an appeal, equate pre-appeal dollars with post-appeal dollars. None of them suggests as an additional item of damage any decrease in purchasing power of the dollars by which the decreased property value is measured. Consequently, they are not authority for plaintiff's position.

Plaintiff concedes that she has found no reported case directly supporting her theory. The reason seems obvious. Having been compensated for loss of use of the full amount during the entire delay, she has no right to the undepreciated value of the judgment on the date it was entered. Had

she in fact had the use of the money it would have depreciated at the same rate, and to compensate her for both loss of use and depreciation over the same period of time would afford her mutually inconsistent remedies.[1]

The judgment in the prior case having been satisfied in full, plaintiff's complaint fails to state a claim against either principal or surety on the supersedeas bond upon which relief can be granted.[2]

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

---

1. Another view is that "the convenience of treating all dollars alike, at all times, is a convenience that outweighs the disadvantage of under-compensation." Dobbs, *Handbook on the Law of Remedies,* § 3.5, p. 179 (1973). This would seem especially true if the under-compensation results from repeated depreciation of the base amount on which the interest for loss of use is calculated, requiring a continuous series of adjustments to offset the effect of inflation.

2. For an example of the sort of "damages for delay" recoverable under a supersedeas bond on a money judgment, *see Stirling v. Dari-Delite, Inc.,* 262 Or. 359, 491 P.2d 1168, 494 P.2d 252, 498 P.2d 753 (1972), holding a compensated surety liable for damages assessed for a frivolous appeal under a statute similar to A.R.S. § 12–2106.