225 P.3d 597

**Leonard A. RIENDEAU and H. Lorraine Riendeau, Plaintiffs/Appellants,**

v.

**WAL–MART STORES, INC., an Arizona Corporation, Defendant/Appellee.**

**Nos. 1 CA–CV 09–0202, 1 CA–CV 09–0203.**

Court of Appeals of Arizona,
Division 1, Department C.

Feb. 25, 2010.

Leonard A. Riendeau, Yuma, In Propria Persona.

H. Lorraine Riendeau, Yuma, In Propria Persona.

Thomas, Thomas & Markson, P.C. By Benjamin C. Thomas, Esq., MoniQue A. Simpson, Esq., Phoenix, Attorneys for Defendant/Appellee Wal–Mart Stores, Inc.

## OPINION

KESSLER, Judge.

¶ 1 Plaintiff Leonard Riendeau ("Husband") and Plaintiff H. Lorraine Riendeau ("Wife") separately appeal the superior court's judgment against them. We consolidate their appeals on our own motion pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 8(b).[1] This case presents the issue of whether the tardy filing of a cost bond on appeal from compulsory arbitration renders the appeal jurisdictionally defective. We hold that it does not.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Husband and Wife filed a complaint in the superior court alleging that they each suffered damages as a result of Wife's slip and fall in the gardening section of a Wal–Mart store. The superior court certified the case for compulsory arbitration pursuant to Arizona Rules of Civil Procedure ("Rule") 72–76. The arbitrator awarded Wife $3000 general damages for pain and suffering but denied Husband's claims. The plaintiffs were also awarded $540 in costs.

¶ 3 Husband and Wife filed a notice of appeal requesting a *de novo* hearing of all issues after the arbitrator issued a final decision but before entry of a final arbitration award. *See* Ariz. R. Civ. P. 77(a). They filed the bond required by Rule 77(b) more than a month after the filing of the final arbitration award. The superior court denied Wal–Mart's motion to strike the notice

1. The Clerk of this Court is directed to amend the caption of this matter. All future filings shall conform to the caption used in this opinion.

of appeal on the ground that the bond was untimely filed.[2] After the superior court later entered judgment against them, Husband and Wife appealed.

## ANALYSIS

■ ¶ 4 We have an independent duty to examine our own jurisdiction. *Abril v. Harris*, 157 Ariz. 78, 80, 754 P.2d 1353, 1355 (App.1987). We cannot consider an appeal from the superior court on the merits unless the superior court has jurisdiction. *See McHazlett v. Otis Engineering Corp.*, 133 Ariz. 530, 533, 652 P.2d 1377, 1380 (1982); *Ronan v. First Nat'l Bank of Ariz.*, 90 Ariz. 341, 344, 367 P.2d 950, 952 (1962). We hold that the superior court had jurisdiction to consider the appeal from compulsory arbitration despite the plaintiffs' premature filing of their notice of appeal and untimely filing of their cost bond.

■ ¶ 5 The premature appeal from compulsory arbitration on this record is not jurisdictionally defective and became effective upon entry of the final arbitration award. *See Guinn v. Schweitzer*, 190 Ariz. 116, 117–18, 945 P.2d 837, 838–39 (App.1997) (citing *Barassi v. Matison*, 130 Ariz. 418, 421–22, 636 P.2d 1200, 1203–04 (1981)). Plaintiffs filed their notice of appeal in compliance with Rule 77(a) after the arbitrator filed a notice of decision but before the arbitrator filed a final arbitration award. A final award was promptly entered and the notice of appeal vested jurisdiction in the superior court on that date.

¶ 6 Plaintiffs' untimely payment of their cost bond did not deprive the superior court of jurisdiction. Rule 77(b)[3] and Arizona Revised Statutes ("A.R.S.") section 12–133(I) (Supp.2009)[4] provide that filing a notice of appeal is conditioned on the filing of a bond. However, an untimely filing of the bond is not a jurisdictional defect because A.R.S. § 12–133(H) allows the perfection of an appeal "within the time limited by rule of court" and Rule 6(b) authorizes the superior court to extend times for all filings with several exceptions not applicable here. Harmonizing the above rules and statutes, the superior court had discretion to extend the time for perfecting an appeal from compulsory arbitration so the tardy payment of the cost bond is not a jurisdictional defect.

¶ 7 In so holding, we disagree with *Varga v. Hebern*, 116 Ariz. 539, 570 P.2d 226 (App. 1977). *Varga* held that a party's failure to timely pay a cost bond is a jurisdictional defect that prevents the party from having an appeal from compulsory arbitration. 116 Ariz. at 540, 570 P.2d at 227. In *Varga*, the plaintiff filed a notice of appeal from the arbitrator's denial of his claim for damages. *Id.* The notice of appeal was timely, but the cost bond was untimely. *Id.* at 540–41, 570 P.2d at 227–28. The plaintiff then learned of the error and moved for leave to make an untimely payment of the cost bond. *Id.* at 541, 570 P.2d at 228. The superior court denied the motion. *Id.* at 541, 570 P.2d at 228. The court of appeals held that the superior court could not rely on Rule 6(b) to extend the time to file a cost bond on an appeal from arbitration. *Id.* at 541, 570 P.2d at 228. The court of appeals reasoned that the plain language of Rule 6(b) does not apply to the requirement to timely file a cost bond to appeal from compulsory arbitration and that the situation was analogous to the then-existing rule that untimely cost bonds

**2.** As explained more fully in our separate memorandum decision, the superior court later granted Wal–Mart's motion for summary judgment against Husband and dismissed Wife's complaint for failure to prosecute. *See* ARCAP 28(g) (permitting partial publication of decisions on appeal).

**3.** "At the time of filing the notice of appeal, and as a condition of filing, the appellant shall deposit with the Clerk of the Superior Court a sum equal to one hearing day's compensation of the arbitrator, but not exceeding ten percent of the amount in controversy. If the court finds that the appellant is unable to make such deposit by

reason of lack of funds, the court shall allow the filing of the appeal without deposit." Ariz. R. Civ. P. 77(b).

**4.** "Upon appeal, at the time of filing the demand for trial de novo, and as a condition of filing, the appellant shall deposit a sum equal to the total compensation of the arbitrators, but not exceeding ten per cent of the amount in controversy, which sum shall be deposited with the county. If the court finds that the appellant is unable to make the deposit by reason of lack of funds, the court shall allow the filing of the appeal without the deposit...." A.R.S. § 12–133(I).

**542**

for appeals from the superior court to the court of appeals were jurisdictionally defective. *Id.* at 541, 570 P.2d at 228 (citing *Kiefer v. May,* 22 Ariz.App. 567, 529 P.2d 721 (1974) *superseded in part by* ARCAP 8(a) *as recognized in* ARCAP 8(a) cmt.).

¶ 8 We decline to follow *Varga* for two reasons. First, *Varga* is based on an analogy to a rule of civil appellate procedure that has since been superseded. *Id.* at 541, 570 P.2d at 228 (citing *Kiefer,* 22 Ariz.App. 567, 529 P.2d 721). *Varga* relies predominately on an analogy to the rule announced in *Kiefer,* which held that the failure to timely pay a cost bond in a civil appeal is a jurisdictional defect. *Id.* at 541, 570 P.2d at 228; *Kiefer,* 22 Ariz.App. at 569, 529 P.2d at 723. *Kiefer* is no longer the law. ARCAP 8(a) cmt. Because *Varga* relies on analogy to outdated law, we decline to follow it.

¶ 9 Second, *Varga's* refusal to allow an extension of time to file a notice of appeal from arbitration pursuant to Rule 6(b) is at odds with the statutory provision that filing a notice within the time set by the rules of court is sufficient to perfect an appeal. A.R.S. § 12–133(H). Rule 6(b) governs time limits in the superior court and the language of Rule 6(b) is clear. Except for certain enumerated motions, the superior court may enlarge the time to perform any act required by the Rules of Civil Procedure. Ariz. R. Civ. P. 6(b). Thus, the superior court may enlarge the time to file a cost bond in an appeal from compulsory arbitration.

## CONCLUSION

¶ 10 For the foregoing reasons, we hold that the superior court had jurisdiction over the plaintiffs' appeals from the arbitration award. Thus, we have jurisdiction to review the judgment of the superior court. For the reasons stated in our separately filed memorandum decision in this appeal, we affirm that judgment.

CONCURRING: PATRICK IRVINE, Presiding Judge, and MICHAEL J. BROWN, Judge.