THUMMA, Chief Judge:
¶1 Natasha S. appeals the superior court's order denying her motion for foster care payments. Because Natasha S. failed to exhaust her administrative remedies, the superior court lacked jurisdiction to consider her motion. Accordingly, the appeal is dismissed.
FACTS AND PROCEDURAL BACKGROUND
¶2 For a time, Natasha S. was a licensed foster care provider for R.Y. in this dependency proceeding. While R.Y. was in her care, the Department of Child Safety (DCS) Office of Licensing and Regulation denied Natasha S.'s application to renew her foster care license. See Ariz. Rev. Stat. (A.R.S.) § 8-506 (2019).[1] Natasha S. challenged that *373 denial administratively and continued to serve as foster placement for R.Y. When DCS affirmed the denial of her foster care license, Natasha S. did not challenge that final agency action in superior court. See A.R.S. § 41-1092.08 ; 12-901 to -914.[2]
¶3 In December 2017, R.Y.'s guardian ad litem moved for an order requiring DCS to pay Natasha S. for foster care provided to R.Y. through November 2017. The superior court granted that motion and DCS paid the amount ordered; that order and payment are not part of this appeal. Later, Natasha S. moved for an order requiring DCS to pay her for foster care provided to R.Y. in December 2017. The superior court denied the motion, and Natasha S. timely filed this appeal challenging that denial.
DISCUSSION
¶4 Natasha S. asserts appellate jurisdiction pursuant to A.R.S. §§ 8-235(A) and 12-120.21(A)(1). DCS counters that Natasha S. is not an "aggrieved party" as required by A.R.S. § 8-235(A) and, alternatively, that the superior court lacked jurisdiction to consider her motion. Assuming (without deciding) that Natasha S. was an aggrieved party, the superior court lacked jurisdiction to consider her motion.
¶5 "[A]ppellate jurisdiction is derivative," meaning that "when jurisdiction is lacking in the trial court, it is lacking on appeal." Webb v. Charles , 125 Ariz. 558, 565, 611 P.2d 562 (App. 1980). This court "cannot consider an appeal from the superior court on the merits unless the superior court has jurisdiction." Riendeau v. Wal-Mart Stores, Inc. , 223 Ariz. 540, 541 ¶ 4, 225 P.3d 597, 598 (App. 2010).
¶6 The superior court has jurisdiction over juvenile proceedings brought under Title 8. See A.R.S. § 8-202. Title 8, however, does not grant that court jurisdiction to address foster care licensing or payment. Instead, those matters are first addressed administratively. See, e.g. , A.R.S. § 8-503(A)(4)(g) (granting DCS authority to "[e]stablish rules, regulations and standards for ... [u]niform amounts of payment for all foster homes according to certification"); Ariz. Admin. Code (A.A.C.) R21-1-301 to - 314 (setting forth such rules). An individual wishing to challenge an adverse decision by DCS on such matters may seek review by an Office of Administrative Hearings Administrative Law Judge (ALJ). See A.A.C. R21-1-301 to - 314 ; Ariz. Dep't of Child Safety, Policy and Procedure Manual ch. 4, § 9 (eff. Oct. 15, 2018), https://extranet.azdcs.gov/DCSPolicy/Content/04_Out_of_Home_Care/foster_care_rate.htm. When such review is requested, the ALJ issues a recommended decision after an evidentiary hearing. A.A.C. R21-1-313. After review of the ALJ's recommended decision, DCS issues a final administrative decision. Id. An aggrieved party may seek judicial review of a final administrative decision pursuant to Arizona's Administrative Procedures Act (APA). See A.R.S. §§ 12-901 to - 914; 41-1092.08(H); A.A.C. R21-1-314.
¶7 "[A] party must exhaust his administrative remedies before appealing to the courts." Minor v. Cochise Cty. , 125 Ariz. 170, 172, 608 P.2d 309, 311 (1980). A failure to do so means "judicial interpretation is withheld until the administrative process has run its course." Id. Natasha S. did not exhaust her administrative remedies before seeking a court order requiring foster care payments. Even if she had, any court challenge by Natasha S. to a final DCS administrative decision would be made under the APA pursuant to Title 41, not in this Title 8 case. See A.R.S. §§ 41-1092.08(H) ; 12-901 to -914. Accordingly, the superior court in this dependency proceeding lacked jurisdiction to consider her motion for foster care payments.[3]
*374 CONCLUSION
¶8 Because the superior court lacked jurisdiction to consider the motion for foster care payments, this court lacks appellate jurisdiction to consider the merits of that denial. See Riendeau , 223 Ariz. at 541 ¶ 4, 225 P.3d at 598 ; Webb , 125 Ariz. at 561, 611 P.2d at 565. Accordingly, this appeal is dismissed.

Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

The court in this dependency ultimately appointed Natasha S. guardian for R.Y., A.R.S. §§ 8-871 to -874, a ruling recently vacated given a failure to comply with the Indian Child Welfare Act, see Navajo Nation v. Dep't of Child Safety , --- Ariz. ----, 441 P.3d 982, 2019 WL 1723574 (Ariz. App. Apr. 18, 2019) (mem. dec.).

Because the superior court lacked jurisdiction to consider the motion, this decision is without prejudice as to any administrative remedies Natasha S. may have available to recover payment for foster care.