NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CATAMOUNT PROPERTIES, 2018 LLC,
*Plaintiff/Appellee*,

*v.*

EVAN A. KURTZ, et al.,
*Defendants/Appellants*.

No. 1 CA-CV 21-0669
FILED 8-2-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2021-091856
The Honorable Brian Kaiser, Judge *Pro Tempore*

**APPEAL DISMISSED**

---

COUNSEL

Evan A. Kurtz & Gail Kurtz, Phoenix
*Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1          Defendant Evan A. Kurtz (Kurtz) seeks to appeal the denial of his July 2021 motion to set aside a judgment of eviction from a property owned by plaintiff Catamount Properties, 2018 LLC (Catamount). Because this court lacks jurisdiction, the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

¶2          In March 2021, Catamount purchased a Phoenix home, where Evan and Gail Kurtz lived. Catamount then filed a forcible entry and detainer action against Kurtz. Kurtz was found guilty, resulting in a May 2021 judgment granting possession of the premises to Catamount. Kurtz filed a timely notice of appeal and in March 2022, this court affirmed that judgment. *See Catamount Properties 2018, LLC v. Kurtz*, 1-CA-CV 21-0368, 2022 WL 971871 (Ariz. App. Mar. 31, 2022) (mem. decision). Although a mandate initially issued, Kurtz sought review by the Arizona Supreme Court, which remains pending. Thus, there is no valid mandate in the May 2021 appeal revesting jurisdiction in the superior court. *See* ARCAP 24(a) ("An appellate court retains jurisdiction of an appeal until it issues the mandate.").

¶3          In July 2021, Kurtz filed a motion to set aside the May 2021 judgment. The superior court denied that motion, and Kurtz filed a notice of appeal from that denial, creating this appeal.

## DISCUSSION

¶4          Because there is no valid mandate in the prior appeal, jurisdiction has not yet been revested in the superior court. *See* ARCAP 24(a). Accordingly, the superior court lacked jurisdiction to address the merits of Kurtz' July 2021 motion to set aside the judgment. *In re Estate of Killen*, 188 Ariz. 569, 572 (App. 1996) ("When an appeal to a higher court 'has been perfected, the trial court loses all jurisdiction except for actions in furtherance of the appeal.'") (citation omitted). Because the superior court lacked jurisdiction to address the motion, this court lacks jurisdiction to consider Kurtz' putative appeal from that ruling. *Natasha S. v. Dep't of Child Safety*, 246 Ariz. 491, 493 ¶ 8 (App. 2019) (where superior court lacked jurisdiction to deny a motion, "this court lacks appellate jurisdiction to consider the merits of that denial").

**¶5**        Even if this court had jurisdiction, the current law of this case would preclude Kurtz' argument. *See Ariz. Corp. Comm'n v. Mountain States Tel. & Tel. Co.*, 71 Ariz. 404, 407-08 (1951). This court's March 31, 2022 decision rejected the argument Kurtz seeks to press in this appeal:

> [Kurtz] first contends the FED judgment must be reversed because Catamount did not prove its "ownership status" of the property. We disagree. FED actions "provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." Catamount was not required to prove actual ownership, and [the] court could not inquire into the merits of title.

*Kurtz*, 2022 WL 971871, at *1 ¶5 (citations omitted). Unless altered, that decision remains the law of this case and would preclude the arguments Kurtz pressed in his July 2021 motion to set aside the judgment, and would continue to do so if he reasserts them after the issuance of the mandate revesting jurisdiction in the superior court.

## CONCLUSION

**¶6**        Kurtz' appeal is dismissed.



AMY M. WOOD • Clerk of the Court
FILED:   AA