IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

CECILY SIERRA SCOTT,
*Petitioner*,

*v.*

JEFFRY BRYAN BRONSTEIN,
*Respondent*.

No. 2 CA-SA 2024-0069
Filed January 15, 2025

---

Special Action Proceeding
Maricopa County Cause No. FN2022003760
The Honorable Jo Lynn Gentry, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

State 48 Law Firm, Scottsdale
By Robert Hendricks, Stephen Vincent, and Samantha Brown
*Counsel for Petitioner*

The Cavanagh Law Firm P.A., Phoenix
By Tonya K. MacBeth and Nicholas J. Brown
*Counsel for Respondent*

---

**OPINION**

Presiding Judge Gard authored the decision of the Court, in which Judge
Eckerstrom and Judge Vásquez concurred.

---

G A R D, Presiding Judge:

¶1        Cecily Scott seeks special action review of the trial court's order setting her supersedeas bond at $220,000.[1]  Because the court erred in setting that bond amount, we accept special action jurisdiction and grant relief.  We vacate the portion of the order setting the bond and direct the court to order a supersedeas bond, if any, that comports with Rule 7(a)(7), Ariz. R. Civ. App. P., and this opinion.

**Factual and Procedural Background**

¶2        The relevant facts are not disputed.  Jeffry Bronstein and Cecily Scott entered into a property settlement agreement in their divorce proceeding in January 2023.  The agreement was incorporated by reference into a decree of dissolution filed in October 2023.  Relevant here, the decree required Bronstein to pay Scott "$470,000 as an equalization of the marital community" by paying $250,000 on or before January 31, 2023, and $220,000 "within 24 months of the entry of the Decree."  Scott was ordered to pay $30,000 to a credit card provider for a community debt.  Before the decree was signed, Scott and Bronstein disputed to which account Scott was ordered to apply her payment, and Bronstein was awarded attorney fees based on that litigation.

¶3        In March 2024, Bronstein filed a petition to enforce the decree and settlement agreement, which he amended in May 2024 to include Scott's $30,000 credit card payment.  The next month, Scott moved to stay enforcement proceedings pending appeal and requested that, in lieu of a supersedeas bond, the trial court order Bronstein to deduct $30,000 from the remaining $220,000 he owed her.  In a September 2024 order, the court denied Scott's request for a stay and ordered that "[i]n the event of an appeal, [Scott] is ordered to post a [supersedeas] bond in the amount of $220,000."  The order awarded Bronstein $25,000 in attorney fees and costs for the litigation that occurred between the January 2023 settlement agreement and the October 2023 entry of the decree.  The court further awarded him an additional $25,000 in attorney fees and costs under A.R.S. § 25-415.  This petition for special action followed.

---

[1]Effective January 1, 2025, our supreme court amended the rules of procedure for special actions.  Ariz. Sup. Ct. Order R-23-0055 (Aug. 22, 2024).  Because it would not "be infeasible or work an injustice," we apply the new rules here.  *Id.*

## Special Action Jurisdiction

**¶4**         We may exercise special action jurisdiction to review an order setting a supersedeas bond because "a party who wishes to challenge a trial court's order setting a supersedeas bond has 'no equally plain, speedy and adequate remedy by appeal.'" *See Chula Vista Homeowners Ass'n v. Irwin*, 245 Ariz. 249, ¶ 1 (App. 2018) (quoting *City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, ¶ 2 (App. 2015)); *see also* Ariz. R. P. Spec. Act. 12(a).  Moreover, because Rule 7(a)(7) has not been interpreted since its amendment, this special action raises a legal issue of first impression, which is of statewide importance.  *See State v. Bryson*, 256 Ariz. 457, ¶ 8 (App. 2023); *see also* Ariz. R. P. Spec. Act. 12(b)(3), (4).

## Discussion

**¶5**         Because this case involves the interpretation of a rule, our review is de novo.  *See Chula Vista Homeowners Ass'n*, 245 Ariz. 249, ¶ 9.  We interpret rules "in accordance with the intent of the drafters, and we look to the plain language . . . as the best indicator of that intent." *Fragoso v. Fell*, 210 Ariz. 427, ¶ 7 (App. 2005).  If the language of a rule is unambiguous, we apply it as written.  *Kellin v. Lynch*, 247 Ariz. 393, ¶ 11 (App. 2019).

**¶6**         "A supersedeas bond is a bond filed in the superior court . . . which stays enforcement of, or execution on, a judgment so that an appeal may be pursued."  Ariz. R. Civ. App. P. 7(a)(1)(A).  The term "also includes other types of security as ordered by the superior court in lieu of a supersedeas bond."  *Id.*  A supersedeas bond "has the effect of maintaining the status quo until the appellate process is completed."  *Porter v. Com. Standard Ins. Co.*, 112 Ariz. 491, 493 (1975); *see also* Ariz. R. Civ. App. P. 7(a)(2) ("The superior court may enter any further order, in lieu of or in addition to the bond, which may be appropriate to preserve the status quo or the effectiveness of the judgment.").  The status quo is "the situation that exists by virtue of the judgment rendered against the appellant."  *Wells Fargo Bank N.A. v. Rogers*, 239 Ariz. 106, ¶ 13 (App. 2016).

**¶7**         In 2019, our supreme court amended Rule 7 to, among other things, address the "uncertainty" that had arisen in case law "regarding whether an award of money in a dissolution proceeding is subject to" the requirements of Rule 7(a)(4).  In *Bobrow v. Herrod*, the husband in a dissolution proceeding was ordered to pay the wife more than one million dollars for her marital interest in a home and additional money for reimbursement of living expenses. 239 Ariz. 180, ¶ 2 (App. 2016).  The trial court applied Rule 7(a)(4) to require the husband to post a supersedeas

bond in the full amount of the monetary award. *Id.* ¶ 4. On special action review, the husband argued the amounts awarded to the wife were not damages and therefore not subject to Rule 7(a)(4). *Id.* ¶¶ 1, 8, 10. We rejected his argument, noting that although awards in dissolution proceedings are not damages, the legislative history and "spirit and purpose" of Rule 7 supported setting the bond in the full amount of the award under the decree. *Id.* ¶¶ 12, 13. According to the rule-change petitioners, new Rule 7(a)(7) "departs from *Bobrow*'s strict application" of 7(a)(4)'s bond formula to provide the trial court "with the flexibility to take into account 'the judgment as a whole and whether requiring a bond would impose an undue hardship.'"

¶8        To that end, Rule 7(a)(7) states,

> For that portion of any family court judgment that divides assets or orders the transfer of property or money under A.R.S. § 25-318, or that awards costs or expenses under A.R.S. § 25-324, the superior court must determine the amount of the bond, if any, that the requesting party must post, taking into account the judgment as a whole and whether requiring a bond would impose an undue hardship.

In contrast, Rule 7(a)(4) provides,

> Except for family court judgments governed by Rule 7(a)(7), and subject to Rule 7(a)(9), if the judgment includes a monetary award, the amount of the bond relating to the monetary award must be the lowest of the following:
>
> > (A) the total amount of damages, costs, attorney's fees, and prejudgment interest included in the judgment when entered, excluding punitive damages;
> >
> > (B) fifty percent of the net worth of the party seeking the stay; or
> >
> > (C) twenty-five million dollars.

¶9 Scott contends that Rule 7(a)(7) does not preclude a trial court from using Rule 7(a)(4) in family law matters and offers that the two may be read together to determine the bond amount. She argues the court should first calculate the bond using the 7(a)(4) formula then, under 7(a)(7), "choose whether to apply, ignore, or adjust the formula as it applies the mandatory considerations of undue hardship and the judgment as a whole." That argument, however, is not rooted in the rule's text, which explicitly reserves the 7(a)(4) formula for judgments not governed by Rule 7(a)(7). Rule 7(a)(7) applies to judgments ordering the transfer of property or money under § 25-318, which is what the relevant portion of judgment at issue here does. Thus, Rule 7(a)(4) does not apply.

¶10 Bronstein, however, incorrectly suggests that Rule 7(a)(7) permits a trial court to order a supersedeas bond in any amount—including more than what the appellant owes under the judgment. Bronstein is correct that there is no formula to calculate a supersedeas bond in Rule 7(a)(7). But a trial court must determine the amount of the bond "taking into account the judgment as a whole and whether requiring a bond would impose an undue hardship." Ariz. R. Civ. App. P. 7(a)(7). Moreover, the amount of the bond must "be appropriate to preserve the status quo or the effectiveness of the judgment." Ariz. R. Civ. App. P. 7(a)(2).

¶11 A trial court can make downward deviations from a judgment's value in fixing the amount of a supersedeas bond. Rule 7(a)(7) permits the court not to set "any" supersedeas bond, taking into account "whether requiring a bond would impose an undue hardship." Rule 7(a)(9)(B), too, authorizes the court to "lower the bond amount to an amount that will not cause a requesting party substantial economic harm." But Bronstein's defense of the trial court's upward deviation from what 7(a)(4) would set as the maximum supersedeas bond is not supported by any language in Rule 7(a)(7) or elsewhere in the rule. Even Rule 7(a)(9), mirroring A.R.S. § 12-2108(B) and applying when the requesting party "is intentionally dissipating assets . . . to avoid payment of a judgment," only authorizes a court to set the bond at the amount "up to the full amount of the judgment." Here, the full amount of the judgments is $80,000.

¶12 By ordering Scott to post a bond in an amount greater than what she owes under the judgments, the trial court failed to preserve the status quo and comport with Rule 7(a)(7)'s requirement that the court take into account the judgment as a whole. Moreover, the amount risks infringing on Scott's due process right to appeal. *Cf. Wallace v. Smith*, 255 Ariz. 377, ¶ 13 (2023) (in enacting § 12-2108, legislature was concerned

about overly large appeal bonds infringing due process rights of appellants).[2]

## Attorney Fees

**¶13**         Both Scott and Bronstein request an award of attorney fees incurred from this special action.  Scott requests fees under § 25-324(A) based on Bronstein's unreasonable arguments and his significantly greater financial resources.  Bronstein requests fees under § 25-324, but did not specify the subsection, though he argues Scott's arguments are "unsupported by the law" and her positions "unreasonable."  In our discretion, we deny both requests.

## Disposition

**¶14**         We vacate the portion of the trial court's September 2024 order setting Scott's supersedeas bond at $220,000 and direct the court to order a supersedeas bond, if any, that comports with Rule 7(a)(7) and this opinion.

---

[2]Scott contends the trial court erred by refusing to order her bond satisfied by withholding the amounts she owes from what Bronstein owes her.  Although a court is permitted to "enter any further order, in lieu of or in addition to the bond . . . to preserve the status quo or the effectiveness of the judgment," Ariz. R. Civ. App. P. 7(a)(2), it does not have to do so.  In any event, Scott can re-urge her position to the trial court.  We decline Scott's invitation to "reverse the trial court's denial of her request for attorney's fees regarding the bond issue."  Scott can seek reconsideration before the trial court or raise the issue on appeal.